THE STATE, ex rel. v. A. H. CARTER et al. v. D. C. BOLLINGER et al., Judges of County Court of Stoddard County.

**In Banc, April 13, 1909.**

1. **COUNTY COURT: Repairing Courthouse: Prohibition.** The statute (Sec. 6736, R. S. 1899) declaring that "the county court of each county shall have power, from time to time, to alter, repair or build any county buildings, as circumstances may require and the funds of the county may admit; and they shall, moreover, take such measures as shall. be necessary to preserve all buildings and property of their county from waste and damage," gives the county court jurisdiction over the subject-matter of repairing the courthouse and erecting a vault therein for the preservation of the county records, and to set aside for that purpose so much of the general revenue as is not needed to pay the county's current expenses; and where the record discloses the fact that the county has on hand sufficient money to pay for the proposed improvements, in addition to a sufficient sum to pay the expenses of paupers and insane persons, the building of bridges and repairing of roads, the salaries of county officers, the fees of jurors, and other ordinary expenses, the writ of prohibition will not lie to prohibit the county court from setting aside out of the general revenues the money necessary to pay for the improvements, although it has not hitherto made an apportionment and subdivision of the revenue to those various items of current expenses, as provided by section 9283, Revised Statutes 1899. The county court in doing so was acting within its jurisdiction.

2. ———: ———: ———: **Neglect of Duty: Mandamus.** Even though. it be conceded that the surplus money set apart by the county court for repairing the courthouse was obtained by its neglect and refusal to obey section 9283, Revised Statutes 1899, and to use the moneys for road improvement, etc., and even though it be conceded (which is not done) that said section made it the duty of the county court to appropriate, apportion and subdivide all the moneys collected and to be collected for county purposes into five funds for the purposes in said section stated (which do not embrace repairs to the courthouse), yet prohibition is not the proper remedy to compel the court to perform its duty to make such apportionment, but the proper remedy to compel the performance of a duty is by the writ of mandamus.

## Prohibition.

PERMANENT WRIT DENIED.

*Munger & Larimore* and *H. S. Shaw* for relators.

(1)   Respondents for the year 1907 refused and failed to comply with Sec. 9283, R. S. 1899.  Upon the authority of the section itself and the following cases construing the same relators herein say the same is mandatory.  Book v. Earl, 87 Mo. 246; State ex rel. v. Appleby, 136 Mo. 408; State ex rel. v. Johnson, 162 Mo. 621; State ex rel. v. Payne, 151 Mo. 667; Andrew County ex rel. v. Schnell, 135 Mo. 31; State ex rel. v. Horstman, 149 Mo. 296.  Section 9285, in substance, provides that when the county court has divided the funds as required by said section 9283, the money so set aside becomes a sacred fund for the purposes designated and the court making the order is without power to divert it or permit the same to be withdrawn from the treasury except by warrants drawn upon the respective funds.  Section 9286 makes it mandatory upon the treasurer to separate and divide the funds as they come into his hands in compliance with the order of the court and the provisions of this chapter, and further makes a failure so to do grounds for forfeiting his office.  The language of section 9283, to-wit: "The county courts of the several counties of this State are hereby authorized and empowered," confers upon respondents a public duty.  State ex rel. v. St. Louis, 158 Mo. 505.  Respondents sitting as a county court, having arbitrarily refused at the May term, 1907, or at any other time during the year to comply with section 9283, were without authority until they had complied with said section to seize upon the present and future revenue of the county in its entirety and therewith build for themselves a court house.  (2)   This court will by its writ of prohibition restrain on the part of the county court acts which exceed the limit of the power of such courts.  State ex rel. v. Elkin, 130 Mo. 90.  An official act, the result of judgment or discretion, is a judicial act.  Grider v. Talley, 77 Ala. 422;

People v. Jerome, 73 N. Y. Supp. 307; Mills v. Brooklyn, 32 N. Y. 489. Respondents would be acting in a ministerial capacity when dividing the funds as provided by section 9283; but having failed and refused to divide the funds as required, they sit as and determine that it is necessary to create another fund and call it a vault fund. Then it is they enter the field of judicial action, as well as usurping functions and powers not given them by statute. (3) The contemplated action of respondents in this instance was to a high degree unlawful as well as harmful to the best interest of their constituents. The evidence taken in this behalf by the special commissioner and reported to this court shows that improvements costing approximately $25,-000 were in the minds of the court. It is true respondents had on hand about $22,500, practically all of which, except the sum of $8,189.38 previously set aside as a vault fund, was collected during January and February of 1908. And the evidence also establishes the fact that in all years preceding practically all of the county revenue was collected during January of each year. If, as contended by respondents, the revenue of each year must take care of the debts of that particular year and the revenue of succeeding years must pay the debts of such succeeding years, where and how would the warrants of the year 1908, after such expenditure of $22,500 on February 7th of that year, be paid? Permit the contemplated expenditure of the entire sum as shown by respondents' return, whence would come the money to maintain the ordinary affairs of the county during the remainder of 1908? (4) Although section 9283 requires on the part of the county court the setting aside of sufficient sums for the repair of roads and bridges, relators were not allowed by the special commissioner to show that respondents in this respect had been remiss to a degree hardly credible. But over the exceptions of relators this evidence was stricken out. Relators offered the same for the pur-

pose of showing that respondents had not even indirectly complied with the law in setting aside sums for the repair of roads and bridges. Respondents in their return plead payment of all prior indebtedness on the part of the county. Relators offered to prove that during the year 1907 respondents had refused to expend any sum on the roads and bridges of the county; but the proffered testimony was rejected. This, we contend, was error.

*Ralph Wammack, Martin L. Clardy* and *N. A. Mozley* for respondents.

(1)  Where the county has the funds the county court is authorized to make the repairs, or to erect a new building, without submitting the matter to a vote of the people.  Anderson v. Ripley Co., 181 Mo. 62. (2)  The vital question in this case is not whether the county court subdivided or failed to subdivide and apportion the revenues under the provisions of Sec. 9283, R. S. 1899, but whether the county has the revenue it may use for the purpose of building the vaults and making the repairs to the courthouse incident thereto. If the county has such revenue, its court has the undoubted right to use it precisely as respondents were proceeding to use a part of the surplus revenue of Stoddard county and, in so doing, the court acts ministerially—not judicially—and hence its action cannot be controlled by prohibition.  Sec. 6736, R. S. 1899; State ex rel. v. Co. Ct., 41 Mo. 44; Vitt v. Owen, 42 Mo. 512; Kalbfell v. Ward, 193 Mo. 687; State ex rel. v. Goodier, 195 Mo. 551.  (3) Nor is there any merit in the point that the sum ($8,189.38) set apart to build vaults and make incidental repairs to the courthouse exceeds one-fifth of the total revenue for the year 1907, for two reasons:  1.. There is nothing in this record to show that it does exceed one-fifth of the total revenues for the year 1907.  2.  If said sum does exceed one-

fifth of the total revenues for said year, it does not affect the question one way or the other. The power of the court is not limited by the fact that the money it proposes to use in improving county buildings is either less or more than one-fifth of the revenues for a given year. State ex rel. v. Appleby, 136 Mo. 408. (4) The statute authorizing and empowering the county court to subdivide and apportion the revenues is not mandatory. As its language clearly indicates, it merely submits a formula for handling the revenues of the county which may be employed by the county court or not as it may deem the statute expedient or inexpedient for its convenience. Although this statute was adopted in 1879, no apportionment of the revenues of Stoddard county has ever been made under it and no harm has ever come to the county or its people on that account. From 1879 to the close of 1907, this county has pursued the even tenor of its way without availing itself of the provisions of this statute; paid all of its obligations without a single hitch; put the county on a cash basis, and accumulated the surplus now in the treasury. Supporting the contention that the statute should be construed as directory we cite the language of the section itself, and: Black on Interpretation of Laws, p. 338, sec. 124; R. S. 1899, sec. 6794; State ex rel. v. Appleby, 136 Mo. 408. (5) It is clear that the revenues do not have to be applied to the indebtedness of any year other than the one during which the revenue was raised. In other words, as decided in the Appleby Case, supra, each year must take care of itself. The present surplus in the Stoddard county treasury was accumulated during the year 1907, and prior years, and hence is not required to be used in paying ordinary running expenses for the year 1908. In the light of this authority and the facts of the record, what difference would it make whether section 9283 is mandatory or directory? Suppose, for argument's sake, that it is mandatory. Does money belonging to the county which might have

been apportioned under the statute become demonetized because it was not apportioned? On the other hand, suppose the revenues had been subdivided and apportioned under section 9283, the liabilities of the county would not have been any greater during those years. The results would have been precisely the same as they are without the subdivision and apportionment. The county would have had the same surplus that it has and the same power to use it in making the contemplated improvements. (6) The act of a county court, in ordering repairs of a courthouse, is a ministerial act and, therefore, cannot be controlled by writ of prohibition. State ex rel. v. Goodier, 195 Mo. 551; Kalbfell v. Ward, 193 Mo. 687; Vitt v. Owens, 42 Mo. 512; State ex rel. v. County Court, 41 Mo. 44.

WOODSON, J.—This is an original proceeding instituted in this court by relators, seeking to prohibit respondents, as judges of the county court of Stoddard county, from building a vault and repairing the courthouse of said county.

The petition upon which the provisional writ of prohibition was issued, omitting formal parts, is as follows:

"Now, this day, comes A. H. Carter, J. N. Miller, Samuel Ulen, A. Morgan, S. N. Jeffers, J. H. Cummings, E. C. Mohrstadt, C. O. Biggs, R. L. Ladd, and Lee Williams and respectfully represent to this honorable court that they are solvent, resident taxpayers of Stoddard county, Missouri, and bring this proceeding on behalf of themselves and on the behalf of all other taxpayers similarly situated; that respondent, D. C. Bollinger, is now and was at all times herein mentioned, presiding justice of the county court of said Stoddard county, duly elected and qualified; that John H. Harper and T. W. Boyd are now and were at all

219 Sup.—14

times referred to herein associate justices of said county court of Stoddard county, Missouri, duly elected, qualified and acting as such; that under and by virtue of section 9283, Revised Statutes 1899, of the State of Missouri, it became and was the duty of respondents herein, as said county court, at its May term, 1907, to appropriate, apportion and subdivide all the revenue, collected and to be collected, received and to be received, for county purposes in the following order:

"1. A sum sufficient for the payment of all the necessary expenses that may be incurred for the care of paupers and insane persons of such county.

"2. A sum sufficient for the payment of all necessary expenses for the building of bridges and repairing of roads, including the pay of road overseers of such county.

"3. A sum sufficient for the payment of the salary of all county officers where the same is by law made payable out of the ordinary revenues of the county.

"4. A sum sufficient for the payment of the fees of grand and petit jurors, judges and clerks of elections and fees of witnesses for the grand jury of the county.

"5. A sum sufficient for the payment of the other ordinary current expenses of the county not hereinbefore specially provided for, which shall be known and designated as the contingent fund of such county, which last sum shall in no case exceed one-fifth of the total revenue of such county for county purposes for any one year.

"That in violation of their duty as prescribed by said section 9283, respondents, constituting the county court aforesaid, did not at the May term, 1907, of said court, or at any other time during said year, 1907, appropriate, apportion and subdivide the revenues of said Stoddard county as required by said section; and your petitioners further represent that said Stoddard

county has not adopted and is not now under township organization. Your petitioners further represent that on the 9th day of October, 1907, respondents herein, in violation of their duties as justices of the county court, by order of record, a copy of which duly certified under the seal of said court is hereto attached, illegally, unlawfully and without jurisdiction so to do, ordered and directed the treasurer of said Stoddard county to keep, in connection with the county treasurer, a special fund in the sum of $8,189.38, which said last mentioned sum is and was a part of the general revenue fund of said Stoddard county, and the said sum has been by the said order of date October 9, 1907, unlawfully diverted and withdrawn from the funds of said Stoddard county and made to constitute a fund unknown to the law; that the purpose and intent of respondents in diverting the fund above mentioned from the general revenue fund of said county and creating a special and unlawful fund was to provide and accumulate money in said fund for the improvement of and erection of additions to the courthouse of said Stoddard county and not for repairs incident to the maintenance and use of said courthouse, as will more fully appear by the order made by said court on October 15, 1907, a copy of which duly exemplified under the seal of said county court is hereto attached, also by another order of said county court, dated the 18th day of December, 1907, an exemplified copy of which under the seal of said court is herewith annexed.

"Your petitioners also represent to this honorable court that until respondents had at its May term, 1907, or at some other date, met and apportioned the revenue of said county, in accordance with the provisions of said section 9283, they were without power, jurisdiction or authority to apportion said revenues in any manner or to any purpose whatsoever; and especially your petitioners represent that

respondents having failed and refused at any and all times during the year 1907 to apportion the revenues of said county as required and commanded by section 9283, are and were without authority and jurisdiction to apportion and set aside during said year the said unlawful fund taken from the unapportioned and undivided revenues of said county.

"Your petitioners also state that there is now on hand to the credit of said Stoddard county with the treasurer thereof a large sum of money belonging to the revenue of said county, which fund it will be the duty of respondents at the May term, 1908, of the county court of said county, to apportion and subdivide in accordance with said section 9283; and until May term, 1908, respondents are without authority and jurisdiction to apportion and subdivide in any manner whatsoever, and said sum now on hand has not been heretofore apportioned or subdivided by order of the county court of Stoddard county by virtue of the authority contained in said section 9283; but petitioners herein charge the fact to be that respondents are now preparing and are about to divert and apportion said sum now on hand and thereby augment the unlawful fund heretofore created by respondents, known upon their records as the 'Vault Fund;' that respondents threaten and are about to, on the 7th day of February, 1908, contract on the part of said Stoddard county, large debts for the improvement and building of additions to the courthouse of said Stoddard county in manner and form unwarranted by law, and to provide for the payment of said unlawful debt about to be contracted, on the date last mentioned, respondents herein intend and threaten on or before the said 7th day of February, 1908, to unlawfully divert and set aside to the credit of said vault fund the large sum of money now in the treasury of said county, unapportioned and not subdivided as the law directs, and which cannot be

apportioned and subdivided until the May term, 1908, of said Stoddard county, all of which petitioners say respondents have no authority or jurisdiction to do.

"Your petitioners further say that respondents threaten and are about to expend the said sum of $8,189.38, belonging to the general revenue fund of said county and heretofore unlawfully diverted therefrom, in discharge of debts about to be created illegally and without authority and for the purpose of building additions to said Stoddard county courthouse; that none of the funds above mentioned as unlawfully set aside by respondents or about to be set aside by respondents, belong to other than the revenue of said Stoddard county, which the county court thereof is required to apportion and subdivide in accordance with the provisions of said section 9283.

"That respondents, constituting said county court, failed and refused at the May term, 1907, of said court, or at any other date during the year last named, to subdivide the revenues of said county as required by law, that they might thereby, when by them deemed proper, by order of record, divert the same and create thereby an illegal fund known by the records of said county court as the vault fund; that said fund now on hand is now about to be set aside, as above mentioned, into said vault fund in order that the debt about to be entered into on the 7th day of February, 1908, may be therewith paid off and discharged; that as a consequence of said failure and refusal of respondents as the county court of said county to apportion and subdivide at its May term, 1907, the county revenues as required by law, said Stoddard county is without a road and bridge fund or any other fund required by said section 9283; and if the respondents are permitted to divert and place the sum now on hand for county purposes, as said respondents intend and threaten to do, then, at the May term, 1908, of said court, there will be no fund

to subdivide and apportion on as required by law, and the taxpayers of said Stoddard county will again be deprived of the said funds, as by said section 9283 required.

"Your petitioners say that respondents are attempting to exceed their jurisdiction in the manner above mentioned; that respondents are now about to contract for the building of additions to the courthouse of said Stoddard county in a manner not warranted by law, and that respondents herein are without jurisdiction to divert and set aside the revenues of the county except as prescribed by section 9283, that said revenues may be applied to the payment of a debt unlawfully contracted, in consequence of which the funds created by statute will not exist, and the necessary expenses of said Stoddard county will not be paid.

"That the said sum of $8,189.38 exceeds one-fifth of the entire revenue of said Stoddard county for the year 1907, and the amount now threatened to be diverted and kept with said above mentioned fund exceeds one-fifth of the entire levy for county purposes for the year 1908. Your petitioners charge that respondents herein propose on the 7th day of February, 1908, to award a contract for the building and completion of the courthouse of said Stoddard county, and the only funds on hand to pay for the same are the funds required to be apportioned by section 9283, and that the voters of said Stoddard county have never by their vote held as required by law provided any other fund with which to pay for said contemplated building and completion, all of which will appear to be the record of said county court, duly certified and annexed hereto. Your petitioners say that all the funds diverted and about to be diverted, and all the funds about to be used and expended in improving and building additions to said courthouse are the

funds required to be apportioned by said section 9283.

"Petitioners further say that Honorable J. L. Fort, judge of the Twenty-second Judicial Circuit, is one of the commissioners appointed by respondents to carry out said work, and is therefore interested in the proceeding.

"Wherefore, your petitioners pray to be relieved that they may have the state writ of prohibition directed to D. C. Bollinger, John H. Harper and T. W. Boyd, composing the county court of Stoddard county, to prohibit them from pursuing and following the order diverting the said $8,189.38 aforesaid, from diverting or setting aside any of the funds belonging to the general revenue fund of said county, for the purpose of improving, altering or building additions to said courthouse, and from contracting for said improvement, alterations and additions to be paid out of the general revenue fund of said Stoddard county."

The return was as follows:

"The respondents, D. C. Bollinger, presiding justice, and John H. Harper and T. W. Boyd, associate justices of the county court of Stoddard county, Missouri, in obedience to the writ issued by this court in this cause, reserving to themselves all manner of benefit and advantage by exception, which can or may be had or taken to the many errors, uncertainties and other imperfections in the petition for prohibition, filed herein by relators, contained, for their return to said writ and answer to said petition, say:

"1. That it is true as by relators alleged that the county court, of which these respondents are justices, did not at the May term, 1907, of said court apportion or subdivide the revenues of said county as said court might have done under section 9283, Revised Statutes of Missouri of 1899.

"These respondents did not construe said section of the statute as mandatory, and their omission to

make the apportionment or subdivision of the revenues of the county to the several funds therein named was not for the purpose of avoiding any obligations of the county or for the purpose of diverting or authorizing the diversion of said revenues to unlawful purposes; but they regarded said section of the statute as directory, and, as no apportionment or subdivision had ever been made by the county court of said county in any previous year, they made no such order.

"2. These respondents aver, however, that the object of the statute in authorizing and empowering the county court to appropriate, apportion or subdivide the revenues is to provide for the payment of the obligations of the county for the year in which they accrue and to prevent the revenues from being drawn from the treasury of such county, except by warrants on the respective funds so set apart.

"The statute does not contemplate that the aggregate amount which the court may set aside to meet the obligations mentioned in section 9283, Revised Statutes 1899, shall include all the revenues of the county, whatever the amount may be, but only 'a sum sufficient for the payment' of the indebtedness in each subdivision of the section named.

"3. Further answering, these respondents represent that the said county of Stoddard has paid and discharged its indebtedness and liabilities on the accounts following for the year 1907 and for all prior years:

"(1).   All expenses for the care of paupers and insane persons of said county.

"(2).   All expenses for the building of bridges and repairing roads, including the pay of road overseers of said county.

"(3).   The payment of all salaries of county officials of said county.

"(4)   The payment of all fees of grand and petit

jurors, judges and clerks of elections and fees of witnesses for the grand jury of said county.

"(5). The payment of all other ordinary current expenses of said county of every kind and character not hereinbefore specially named.

"As shown by the certificates of the county clerk and county treasurer of said county of Stoddard, on the 24th day of February, 1908, herewith filed.

"4. Respondents admit that, as justices of said county court, on the 9th of October, 1907, they made the order, a copy of which is attached to the petition herein, directing the treasurer of the county to transfer from the general fund to what is designated as the 'Vault Fund,' the sum of $8,189.38, to be used for the construction of vaults and otherwise repairing and improving the courthouse, and they also admit that to carry out that purpose they made the orders of October 15, 1907, and December 18, 1907, exemplified copies of which are filed with the petition.

"They then believed, as they do now, that it was within the power and that it was the duty of the court, acting under section 6736, Revised Statutes 1899, to cause to be made and constructed suitable vaults for the protection of the records of said county, and to make the repairs of and extensions to the courthouse in said orders named, when, as was the case at the date of said orders, all the debts of said county had been paid and there was, in addition to said $8,189.38, a large sum of money sufficient to meet all current obligations of said county, belonging to the general revenue fund of the county, in its treasury; and respondents allege that there is now in said treasury belonging to said county, free from all claims and demands whatsoever against said county and not needed for the payment of expenses of said county for the year 1908, $22,500.04, as shown by the said certificates of the county clerk and county treasurer of said Stoddard county, dated February 24, 1908; that no part

of said $8,189.38 is or will be needed to meet any obligations of said county which have accrued or may accrue during the year 1908; that the current revenues of said county collected and to be collected will be adequate to pay all of the indebtedness of the county for the purposes named in said section 9283, Revised Statutes 1899, for said year.

"Respondents further state that in addition to said $22,500.04 in the treasury of said county on the 12th day of February, last, a sum exceeding $2,000 due said county for the insurance tax of 1907 has been paid into its treasury, and that there will be paid into the treasury of said county during the fiscal year the further sum of $2,000 for the insurance tax of 1908, both of which sums were appropriated to said county by act of the Legislature, approved May 13, 1907, Laws of Missouri, 1907, page 11, section 46. No part of this amount is credited to the general revenue fund of the county in the certificates of said treasurer and county clerk, before referred to, for the reason that the amounts due to the incorporated towns of said county have not been apportioned to them as the law requires. Respondents aver that after the apportionment of said $4,000 shall have been made to said incorporated towns of the amounts due them, there will remain in the treasury of said county of Stoddard of said $4,000 insurance tax for the years 1907 and 1908, as a part of the general fund of said county, at least $3,200, no part of which latter sum will be needed for the payment of the expenses of the county.

"These respondents further answering deny that they are preparing or are about to apportion any part of the revenues of said county, or to use or permit to be used any part of such revenues of said county except the sum of $8,189.38 for the making of the vaults and the improvements as before stated. They state that it is not their purpose to set apart or ap-

propriate any more than the said sum of $8,189.38 for the improvements mentioned. If, however, it becomes necessary to expend more than that sum and the funds of the said county admit, then they will, as they may lawfully do, make the necessary appropriation for such improvements.

"These respondents deny that they threaten, intend or that they will make any contract or contracts with respect to the construction of said vaults, or the improvements of said courthouse which will constitute a debt or debts against said Stoddard county not warranted by law, and they deny that any contract will be made by said county court which will exceed the powers of said court to make or which will in any way interfere with the payment of the items of expenditures mentioned in said section 9283, or with any other lawful obligation of the county.

"5.    These respondents aver, as in substance they have heretofore averred, that said county court was not compelled to make the apportionment mentioned in said section 9283, Revised Statutes 1899, and they deny that it will be the duty of the county court in May, 1908, to make such apportionment, and they further aver that no necessity exists or will exist for the use of any part of said $8,189.38 to meet any of the obligations of said county for the year 1908.

"Wherefore respondents say that petitioners ought not to be permitted to have or maintain this suit and they ask that the writ of prohibition be denied."

The reply is quite lengthy, and put in issue some of the statements of the answer, which required the taking of testimony and a finding of the facts of the case. This court, by proper order, appointed Mr. Lew R. Thomason, of Poplar Bluff, to take the testimony and make a finding of the facts, and to report the same to the court. In pursuance to that order Mr. Thoma-

son heard the evidence, found the facts and reported them to this court.

Omitting formal parts, his report is as follows:

"That the relators, and each of them, are solvent, resident taxpaying citizens of Stoddard county, Missouri; that the respondents are the duly elected, qualified and acting justices of the county court of Stoddard county, Missouri, and as such constitute the county court of Stoddard county, Missouri; that the respondents as such court, as aforesaid (as admitted by their answer and return to the writ herein) did not appropriate, apportion and subdivide all the revenues collected and to be collected, and moneys received and to be received for county purposes, in the following order:

"1.   A sum sufficient for the payment of all necessary expenses that may be incurred for the care of paupers and insane persons of said county.

"2.   A sum sufficient for the payment of all necessary expenses for the building of bridges and repairing of roads, including the pay of road overseers of said county.

"3.   A sum sufficient for the payment of the salary of all county officers where the same is by law made payable out of the ordinary revenue funds of the county.

"4.   A sum sufficient for the payment of the fees of grand and petit jurors, judges and clerks of elections, and fees of witnesses for the grand jury of the county.

"5.   A sum sufficient for the other ordinary current expenses of the county, not hereinbefore specially provided for, which shall be known and designated as the contingent fund of such county, which last sum shall in no case exceed one-fifth of the total revenue of such county for county purposes for any one year.

"That said respondents, justices of the county court, as aforesaid, on the 9th day of October, 1907,

by an order of record, did order and direct the treasurer of said Stoddard county to transfer from the general revenue fund of said Stoddard county to what was designated the 'Vault Fund' the sum of $8,-189.38; that said sum so transferred was in excess of one-fifth of the total revenue of the county for the year 1907, which was the sum of $29,000; but I do further find that the said sum so transferred, as aforesaid, was, and had, accumulated from the excess over expenditures of the revenues collected from and after the year of 1903 to the year 1907 inclusive, and that the said sum was not appropriated from the revenue of 1907.

"I do further find that during the month of September or October, 1907, there was received by the county of Stoddard from what is commonly known as the 'War Debt' the sum of $5,000 for the use and benefit of the road fund of said county; that respondents, as justices of the county court aforesaid, to reimburse the general revenue fund of said county, for moneys advanced to the various road districts in said county, transferred out of said moneys so received to the general revenue fund of the county the sum of $2,500; that including the said sum of $2,500 so transferred, together with the sum of $8,-189.38 in the 'Vault Fund' there was on the 12th day of February, 1908, and at the time of the suing out of the writ by relators herein, in the hands of the treasurer of Stoddard county, the sum of $22,500; that said county is not indebted in any sum whatever for the care of any paupers or insane persons of said county; and is not indebted in any sum whatever for the building of bridges and repairing of roads, including the pay of road overseers of said county; and is not indebted in any sum for the payment of the salary of any county officer payable out of the ordinary revenue fund of the county; and is not indebted for the fees of any grand or petit jurors, judges or

clerks of election, or the fees of witnesses for the grand jury of said county; and that said county has no indebtedness other than the ordinary current expenses.

"I do further find that respondents, as justices of the county court, aforesaid, by order of record, dated October 15, 1907, did appoint James L. Fort. James B. Buck and W. J. Ward, a commission to confer with a competent architect to ascertain the probable cost of constructing suitable vaults for the protection of the records of said county, and to obtain plans and specifications for said vaults and such repairs of the courthouse of said county as may be made necessary; that said commission did obtain the services of an architect and did obtain plans and specifications for the building of said vault or vaults and improvement of said courthouse, and did recommend to respondents, as the justices of said court, that said courthouse be improved in accordance therewith.

"And I do further find that respondents, as justices of the county court, aforesaid, did, by order of record, approve and adopt said plans and specifications, and did order and direct that said courthouse be improved and repaired in accordance therewith, and did order and direct the clerk of the county court to advertise for bids upon such work.

"I do further find that the cost of the improvements and repairs upon said courthouse, according to the plans and specifications as approved and adopted by respondents, will amount to the sum of from eighteen to twenty thousand dollars, and that such improvements and repairs upon said courthouse as contemplated by respondents, anticipating the current revenue for the year 1908, may be made without incurring any indebtedness upon the part of said county."

## OPINION.

I. At the threshold of this case we are presented with the insistence of counsel for respondents, that, conceding for argument's sake relators are entitled to some kind of relief, yet prohibition is not the proper remedy.

Section 6736, Revised Statutes 1899, reads as follows: "The county court of each county shall have power, from time to time, to alter, repair or build any county buildings, which have been or may hereafter be erected, as circumstances may require, and the funds of the county may admit; and they shall, moreover, take such measures as shall be necessary to preserve all buildings and property of their county from waste or damage."

Clearly that section of the statute gives the county court of Stoddard county jurisdiction over the subject-matters complained of in the petition; and the pleadings, evidence and report of the referee filed herein disclose the fact that the county has sufficient money on hand with which to pay for the proposed improvements. That being true, then the county court of that county was acting within its jurisdiction, and prohibition will not lie. [State ex rel. v. Reynolds, 209 Mo. 161; State ex rel. v. Riley, 203 Mo. 175.]

In answer to that insistence, it is suggested by counsel for relators that the surplus money set apart by respondents with which to pay for said improvements was obtained by their neglect and refusal to obey section 9283, Revised Statutes 1899, which made it their duty to appropriate, apportion and subdivide all of the moneys collected and to be collected, received and to be received for county purposes into five different funds for the purposes in said section stated.

Conceding the position of counsel for relators in that regard to be correct, without deciding it, yet it must also be conceded that prohibition is not the

proper remedy by which the judges of the county court could be compelled to perform their duty in that particular. The office of the writ of prohibition is to prevent action on the part of an officer when he threatens to act outside of or beyond his jurisdiction, and not for the purpose of compelling action upon his part within his jurisdiction. The performance of the latter duty is secured by a writ of mandamus. [State ex rel. v. Patterson, 207 Mo. 129.]

We are, therefore, of the opinion that the permanent writ should be denied, and that respondents should be discharged from the rule heretofore issued.

It is so ordered.

All concur; *Lamm, J.,* in result, and puts his concurrence on the grounds that the county court in the matter complained of was acting as an administrative body ministerially, hence the writ of prohibition would not go.