THE STATE EX REL. PETER F. MAES ET AL. V. ALBERT WEHMEYER ET AL., Judges of County Court of St. Louis County.—25 S. W. (2d) 456.

Court en Banc, March 4, 1930.

*Taylor R. Young, John C. Vogel* and *Abbott, Fauntleroy, Cullen & Edwards* for relators.

934

*Walter Wehrle, Virginia J. Booth* and *James Booth* for respondents.

ATWOOD, J.—This is an original proceeding in prohibition filed by relators, who are taxpayers of St. Louis County, against respondents, the County Court of St. Louis County, to restrain and prohibit respondents from proceeding with the locating, laying out, designating, constructing and maintaining of a system of county highways in St. Louis County and from expending the proceeds of a bond issue voted by the taxpaying citizens of St. Louis County without appointing a County Highway Commission and without securing the approval of the State Highway Commission. The case is submitted on relators' amended petition, respondents' return, and relators' demurrer to the return.

Among other things the petition sets out the provisions of an act of the Legislature of the State of Missouri, approved on April 6, 1927, and entitled, "An Act Creating a County Highway Commission in Each County of this State and Providing for the Laying Out, Designation, Location, Construction and Maintenance of a System of County Highways." Said act provides in substance that it shall be the duty of the county court of each county, within sixty days after the taking effect of said act, to appoint a County High-

way Commission composed of four members, who shall be known supporters and advocates of the system of county highways constructed and maintained, with a view of affording the greatest convenience to the inhabitants in the nature of farm-to-market roads, which commission should have absolute jurisdiction and control of all highways constituting a part of the county highway system, and which commission is given power to locate, lay out, designate, construct and maintain, subject to the approval of the State Highway Commission, a system of county highways to be known as farm-to-market roads. Said act further provides that, before any such county highways shall be constructed, it shall be the duty of said highway commission to submit said location to the State Highway Commission for its approval.

Looking to the allegations of fact in the petition which are admitted by respondents' return and to the allegations of the return for the facts in the case, we find that ten million dollars of the bonds of St. Louis County were voted and authorized under the provisions of Article V of Chapter 98, Revised Statutes 1919, for road and bridge purposes; that respondents will use and expend the proceeds from the sale thereof under said article; that bonds to the extent of six hundred thousand dollars were issued and are now outstanding, and the proceeds from the sale thereof have been received by said county and are now in the hands of its treasurer; that respondents have failed and refused to appoint four members of the County Highway Commission of said county; that respondents have retained jurisdiction of the highways constituting the county highway system of said county, and have retained the fee simple title to said roads, and have retained control over the expenditure of said fund representing the proceeds of the sale of said county road bonds, and will continue to locate, lay out, designate, construct and maintain a system of county highways without appointing any county highway commission and without securing the approval of the State Highway Commission.

In their petition relators first ask for our writ prohibiting respondents "from proceeding further in and from exercising further jurisdiction over or in respect to a certain fund of the County of St. Louis representing the proceeds of the sale of certain county road bonds of the County of St. Louis and State of Missouri, and from controlling the expenditure of said funds." Relators then allege that "respondents are without jurisdiction or authority to retain control of said fund, consisting of the proceeds of the sale of said county road bonds of St. Louis County, and are without jurisdiction to locate, lay out, designate, construct and maintain a system of county highways in St. Louis County without appointing a county highway commission and without securing the approval of the State

Highway Commission," and that respondents in so doing are acting in excess of their jurisdiction and authority. Their final prayer is that respondents be prohibited "from proceeding or continuing to exercise jurisdiction over said fund arising from the sale of said county road bonds and prohibiting them and each of them from locating, laying out, designating, constructing or maintaining a system of county highways and from expending said funds therefor, or from attempting to locate, lay out, designate, construct or maintain or attempting to expend said fund therefor without appointing a county highway commission as required by said act approved on April 6, 1927, and without securing the approval of the State Highway Commission."

From the foregoing it is obvious that the sole purpose of this proceeding is to compel respondents to appoint a county highway commission for St. Louis County pursuant to the above mentioned act of the General Assembly approved April 6, 1927. The burden of relators' complaint is that respondents have failed and refused and still fail and refuse to perform a duty which relators say they have jurisdiction to perform, and should perform, to-wit, that of appointing a county highway commission. County courts have general jurisdiction of the subject-matter of county roads and bridges and of county bond issues for such purposes. Whatever the jurisdiction of the county highway commission may be under the Act of April 6, 1927, until such commission is appointed and the county highway system contemplated by the act is designated it cannot be said that the county court in pursuing the activities above mentioned has exceeded its jurisdiction. Even if respondents should, either voluntarily or in obedience to a rule of this court, desist from the activities above mentioned, but should still fail and refuse, as in their return they say they will, to appoint such a county highway commission, the alleged rights of relators would not be promoted or conserved by this proceeding. Relators have evidently mistaken their remedy. If any exists it is by mandamus and not by prohibition, according to the record here presented. [State ex rel. v. Bollinger, 219 Mo. 204, 223, 117 S. W. 1132; State ex rel. v. Williams, 275 S. W. 534, 535; State ex rel. v. McQuillin, 262 Mo. 256, 266, 171 S. W. 72; 22 R. C. L. p. 9.]

Our preliminary rule heretofore issued is, therefore, discharged. All concur, except *Walker, J.*, who is absent.