[No. 13845. In Bank. — December 20, 1890.]

## JOSEPHINE H. BISHOP, Petitioner, *v.* THE SUPERIOR COURT OF LOS ANGELES COUNTY, and J. W. McKINLEY, Judge, Respondents.

Prohibition — Eminent Domain — Municipal Corporations — Right of Way for Sewer — Failure to Agree — Authority to Sue. — A writ of prohibition will not lie to restrain the prosecution of an action by city authorities to condemn a right of way for a sewer, on account of the absence of an averment or proof that the city authorities were unable to agree with the defendant, or that the local board of the municipal corporation had expressly directed the institution of the proceeding.

Id. — Jurisdiction — Question of Law — Appeal. — Whether or not the failure to agree or to authorize the suit is a bar to the condemnation proceeding is not a question going to the jurisdiction of the superior court, but is a question of law to be determined by it in the course of the proceeding; and any error in such determination is subject to review upon appeal, and does not furnish ground for a writ of prohibition.

Id. — Superior Court — Jurisdiction of Condemnation Proceeding — Constitutional Law — Special Cases — Code — Municipal Government Act. — The superior court is a court of general jurisdiction, and derives its jurisdiction to entertain a proceeding by a city or town to condemn private property for a right of way from the constitutional grant of jurisdiction over special cases not otherwise provided for, and from the provisions of the code relative to special proceedings, and not from the municipal government act.

Id. — Construction of Municipal Government Act — Failure to Agree — Direction to Sue. — The provisions of section 870 of the municipal government act do not affect the jurisdiction of the superior court to hear and determine all questions that may arise between the parties in a condemnation proceeding by a city or town, although a failure to agree, or to direct suit to be brought as therein provided, may affect the right of the municipality to maintain the action and to secure the relief demanded.

Petition to the Supreme Court for a writ of prohibition to the Superior Court of Los Angeles County, and J. W. McKinley, Judge. The facts are stated in the opinion of the court.

*Garber, Boalt & Bishop,* and *Stephen M. White,* for Petitioner.

Section 870 of the municipal corporation act is constitutional. (*Pritchett* v. *Stanislaus Co.,* 73 Cal. 310.)

Being specially applicable to municipal corporations, it controls the general law as to condemnation proceedings. (1 Dillon on Municipal Corporations, 3d ed., secs. 87, note, 89, 507.) The jurisdiction of the superior court *quoad* these proceedings is statutory and special. Special statutory authority must be strictly pursued, or the exercise of it may be impeached collaterally for want or excess of jurisdiction. (Cooley on Taxation, 2d ed., 526; 7 Robinson's Practice, 67, 107, 109; Wells on Jurisdiction, sec. 70; *People* v. *Otis,* 74 Ill. 384; *Thatcher* v. *Powell,* 6 Wheat. 127; *Williamson* v. *Berry,* 8 How. 494; *Webster* v. *Reid,* 11 How. 460; *Auditor-General* v. *Pullman,* 34 Mich. 59; *Rogers* v. *Dill,* 6 Hill, 415; *In re Smith,* 10 Wend. 449; *Guisebert* v. *Etchison,* 51 Md. 487; *Kelly* v. *Bemis,* 4 Gray, 84; 64 Am. Dec. 50; *Folger* v. *Columbian Co.,* 99 Mass. 274; 96 Am. Dec. 747; *Harshaw* v. *Taylor,* 3 Jones, 513; *State* v. *Fond du Lac,* 42 Wis. 287; *Baker* v. *Lorrillard,* 4 N. Y. 266; *Chollar M. Co.* v. *Wilson,* 66 Cal. 374; *S. F. etc. Co.* v. *Alameda Water Co.,* 36 Cal. 644; *Dorsey* v. *Barry,* 24 Cal. 452; *Whitney* v. *Delegates,* 14 Cal. 503; *Saunders* v. *Haynes,* 13 Cal. 150; *Mulligan* v. *Smith,* 59 Cal. 206.) Where the statute makes a failure to agree a condition precedent to suit, it is jurisdictional. (*Gilmer* v. *Lime Point,* 19 Cal. 58; *Contra Costa R. R. Co.* v. *Moss,* 23 Cal. 324; *Lincoln* v. *Colusa Co.,* 28 Cal. 666; *S. F. & A. W. Co.* v. *A. W. Co.,* 36 Cal. 646; *Mahoney* v. *Supervisors,* 53 Cal. 383; *Hyslop* v. *Finch,* 99 Ill. 171; Lewis on Eminent Domain, sec. 301; *In re Lockport etc. R. R. Co.,* 77 N. Y. 557; *In re Boston etc. R'y Co.,* 79 N. Y. 70; *Lind* v. *Clemens,* 44 Mo. 540; *Reitenbaugh* v. *Chester V. R. R.,* 21 Pa. St. 100; *Dyckman* v. *Mayor,* 5 N. Y. 437; *Gilbert* v. *Columbia Turnpike Co.,* 3 Johns. Cas. 107; *State* v. *Trenton,* 36 N. J. L. 499; *Vail* v. *Morris etc. R. R. Co.,* 21 N. J. L. 189; *Doughty* v. *S. & E. R. R. Co.,* 21 N. J. L. 442; *Coster* v. *New Jersey R. R. Co.,* 23 N. J. L. 227; *State* v. *Plainfield,* 41 N. J. L. 140; *Leslie* v. *St. Louis,* 47 Mo. 474; *Whistler* v. *Drain Co.,* 40 Mich.

591; *Oregon R'y & Nav. Co.* v. *Oregon Real Estate Co.*, 10 Or. 444; *Powers* v. *R'y Co.*, 33 Ohio St. 429; *Howland* v. *School District*, 15 R. I. 184.) An express direction by the trustees of the city to bring the suit was essential to jurisdiction. (Lewis on Eminent Domain, sec. 308, and cases cited.) Prohibition is the proper remedy, as the court cannot give itself jurisdiction by an erroneous decision. (*State* v. *Hudnall*, 2 Nott & McC. 419; *Thompson* v. *Ingham*, 68 Eng. Com. L. 718; *Cox* v. *Mayor*, L. R. 2 H. L. Cas. 254; *Liverpool* v. *Everton*, L. R. 6 Com. P. 418; *Queen* v. *Judge*, L. R. 20 Q. B. Div. 167.)

*John Haynes*, and *Thomas Mitchell*, for Respondents.

The question is, not whether the city of Pasadena was entitled to recover in the action in the superior court, but whether that court had jurisdiction to hear and determine that question. (*Ex parte Gordon*, 104 U. S. 515.) This is not a summary proceeding under a special statute, but is a proceeding under a general statute, in a court of general jurisdiction, in the nature of an action falling within the usual powers of the court. (*Harvey* v. *Tyler*, 2 Wall. 342.) Jurisdiction is the power to hear and determine the subject-matter involved. (*United States* v. *Arredondo*, 6 Pet. 709; *Hunt* v. *Hunt*, 72 N. Y. 229, 230; 28 Am. Rep. 129. See also *Central Pacific R. R. Co.* v. *Placer Co.*, 43 Cal. 368; *Lange* v. *Benedict*, 73 N. Y. 28; 29 Am. Rep. 80; *Ackerley* v. *Parkinson*, 3 Maule & S. 411, 427.) The commission of an error of judgment cannot be arrested or corrected by the writ of prohibition. (*Powelson* v. *Lockwood*, 82 Cal. 613; *Ex parte Pennsylvania*, 109 U. S. 174; *Murphy* v. *Superior Court*, 84 Cal. 592.) The jurisdiction of the superior court is not derived from section 870 of the municipal government act, but is derived from the general law. (Code Civ. Proc., secs. 1237, 1238, 1243; *Boom Co.* v. *Patterson*, 98 U. S. 406; *United States* v. *Jones*, 109 U. S. 518.)

Fox, J. — This is a petition for a writ of prohibition to restrain the superior court of the county of Los Angeles, McKinley, judge, from further proceedings against the petitioner in a certain action pending in that court, wherein the city of Pasadena is plaintiff, and the petitioner herein, and several other persons, including the county of Los Angeles, are defendants, brought for the purpose of acquiring, by condemnation, a right of way for a sewer along and in certain of the county roads of said county of Los Angeles.

The city of Pasadena is a municipal corporation of the sixth class, organized and existing under the provisions of chapter 7 of the act of the legislature, entitled "An act to provide for the organization, incorporation, and government of municipal corporations," approved March 13, 1883. For the purpose of providing drainage for the city, and protecting the health of the inhabitants thereof, she has devised and adopted a system of sewerage, and secured a considerable tract of land situate outside of and a considerable distance from the corporation as a place for the discharge of the sewerage of the city, called the "sewer farm," and has commenced the construction of a main sewer through certain streets of the city, and contemplates continuing the same through certain of the public highways of the county from the city to said "sewer farm." The right of way has been granted by the board of supervisors of the county, for said sewer, through the necessary highways, for a portion of the distance, but there is one highway through which the city authorities declare that it is necessary to construct the same, the fee of which is not vested in the county, but the county has a grant of the same, "for the purposes of a highway, but for no other purpose," or in other words, a mere easement; and to secure the right of way for this sewer in that highway, which constitutes a part of the route of the sewer, the action was brought, the further prosecution of which it is now sought to prohibit.

It is claimed on the part of the petitioner here, who is the owner of a tract of land situate on the east side of the road or highway along which the right of way is sought to be secured by condemnation, and who owns the fee to the center of the road, and covering that part of the roadway in front of her lot under which the sewer is to be laid, that the court has no jurisdiction to enter tain the case, or to render or enforce any judgment therein, because it is not alleged or shown that the city authorities were unable to agree with her for the right of way, and because it does not appear, from the record of the proceedings of the city council, that it ever authorized the commencement of the action.

The question, then, is, whether the absence of the existence, or the want of averment or proof, of these two facts, or either of them, deprives the court below, respondent here, of all jurisdiction to entertain, hear, or determine the action, or whether they simply go to the question of the right of the plaintiff in the action to institute and maintain the same, and to recover therein. If they deprive the court of jurisdiction to entertain the action, and to hear and determine the rights of the parties therein, so that it is acting upon the complaint filed therein wholly without jurisdiction, then it would seem that the petitioner here might be entitled to relief by prohibition; but if, on the other hand, it has jurisdiction to entertain the action for condemnation so commenced before it, and these are merely questions upon which, among others, it may be called upon to adjudicate in the course of the proceeding before it, then the mere fact that it reaches an erroneous conclusion upon these questions, or either of them, will not entitle plaintiff to the writ of prohibition, but the error, if it be one, will be subject to review upon appeal.

Chapter 7 of the municipal incorporation act referred to is the one which provides for the organization, powers, and government of municipalities of the sixth class.

Section 862 of that act, found in that chapter (Stats. 1883, p. 269), gives to the board of trustees power to construct, establish, and maintain drains and sewers. Section 870 (p. 273), so far as it relates to the subject-matter of this question, reads as follows: " Whenever it shall become necessary for the city or town to take or damage private property for the purpose of . . . . rights of way for drains, sewers, and aqueducts, . . . . and the board of trustees cannot agree with the owner thereof as to the price to be paid, the trustees may direct proceedings to be taken under section 1237 and following sections, to and including section 1263, of the Code of Civil Procedure, to procure the same."

Petitioner insists most strenuously that it is from this section that the court derives its jurisdiction to entertain a proceeding for condemnation, for such a purpose, at the suit of such a corporation; and that if the complaint fails to show, or showing it, upon the trial, the plaintiff fails to prove, an attempt and inability to agree, and an order of the trustees to prosecute the action, the court is entirely without jurisdiction in the premises.

We cannot accede to this proposition. The superior court is a court of general jurisdiction. By section 5 of article 6 of the constitution it is specially provided that it shall have jurisdiction " of all such special cases and proceedings as are not otherwise provided for." Part 3 of the Code of Civil Procedure provides for " special proceedings of a civil nature." Title 7 of that part is devoted specially to the making of provision for proceedings had in the exercise " of eminent domain." It constitutes the general law of the state upon that subject, and expressly provides that the right of the people or government to take private property for public use may be exercised in the manner provided in that title. Section 1243, found in that title, provides that " all proceedings under this title must be brought in the superior court of the county in which the property is situate."

They must be commenced by the filing of a complaint and issuing a summons thereon. Section 1238 defines the purposes for which the power may be exercised, and among these is "sewerage of any incorporated city." It is from the constitution, the provisions of which are repeated in section 76 of the Code of Civil Procedure, and from title 7, part 3, of said code, and not from any section or provision of the municipal government act, that the superior court derives its jurisdiction in and over proceedings had in the exercise of the power of eminent domain. The provisions of the last-named act may affect the question of the right of the municipality to maintain its action, and secure in the court the relief demanded, but they do not affect the jurisdiction of the court to hear and determine all questions that may arise between the parties in such proceeding.

Counsel have cited very many cases in support of the proposition that the fact of inability to agree, and express authorization to institute the proceeding, are jurisdictional, and go to the power of the court itself to hear and determine the case. But most of them are cases where the proceeding was not only special, and not according to the usual course of civil procedure, as it is here, but also before tribunals which were themselves special and of limited jurisdiction. Not one of them, so far as we have been able to find, challenges the power of a court of general jurisdiction to hear and determine, in such a proceeding, the question of the right of parties to maintain the action and secure the relief under statutory provisions like that above quoted from the municipal government act. The rulings made in the cases cited were made, not upon application for prohibition, but upon appeal, or when the proceeding was before a tribunal of special and limited jurisdiction, upon *certiorari.*

The complaint in the condemnation proceeding here sought to be prohibited is in strict conformity with the

provisions of section 1244 of the Code of Civil Procedure, and contains everything that is there required. If it be true that the absence of either averment or proof of attempt and inability to agree, or of express direction by the local board to institute and prosecute the proceeding, bars the right of the plaintiff to maintain the action, or to recover the relief sought, that would seem to be a matter of defense, either by demurrer or by plea, and in such case the court before which the proceeding is prosecuted would be the one to pass upon the question so raised, in the first instance. Error in such determination would be subject to review upon appeal; but it would be merely error in the exercise of jurisdiction, and would not entitle the party aggrieved to prohibition. We are not called upon or authorized, in this proceeding, to determine whether a ruling either way upon such a question would be error; that must be determined when the case comes here in proper form. All that we need now determine is, that, if error, it does not furnish ground for prohibition.

Upon this proposition, the case of *State* v. *Valliant*, 13 S. W. Rep. 398, seems to be much in point. We quote the statement as to what the case was, and as to what the court said on the subject, from petitioner's reply brief: "A certain railroad company sought to condemn part of the track of another, by proceedings taken in the circuit court of St. Louis. The defendant company applied for a writ of prohibition, on the ground that the statutes and ordinances of St. Louis did not authorize the exercise of jurisdiction in eminent domain there invoked in favor of the company invoking it." Upon the application for prohibition, the court held "that the circuit court of St. Louis had jurisdiction of proceedings to appropriate property to public use, in the exercise of the right of eminent domain, in a proper case, is unquestioned and unquestionable; but the substance of the petitioner's contention here, as well as the ground on

which they, as defendants, resisted the proceedings in the circuit court, is, that the statutes and ordinances do not authorize the exercise of such jurisdiction in behalf of the Southern Railroad Company.  We are of opinion that the question thus raised is not a proper one for our decision upon this application.  Where the action or course which the court is about to adopt is such as it has lawful power to take, it should not ordinarily be prohibited from taking it.  Whether the particular facts on which the court proceeds in that regard are or are not sufficient to justify its exercise of jurisdiction, is a question of law, the solution of which, either way, cannot impair the court's right to apply its judicial power in the premises according to its view of the law, and of the facts before it."

This quotation, taken from the petitioner's own brief, would seem to be conclusive against her in this proceeding.  Nor is there anything in any of the cases cited from this court in conflict with this view.  We have examined them all, and in every case but one, where the court has discussed the point here contended for by petitioner, it was upon appeal, and the question was, whether the court below had erred in its determination of this question of law, not in exercising jurisdiction to determine upon it.  In the one case of *Mahoney* v. *Supervisors*, 53 Cal. 384, the proceeding was for a writ of mandate to compel the board of supervisors to act upon the appointment of commissioners, made by the mayor and others, to condemn certain water rights. The petitioner, who claimed to be the owner of the property which was to be condemned, failed to show that he had ever offered to sell at any price.  The statute and the tribunal were both special and local; and the act provided for the appointment of commissioners only in case the municipal authorities, who had not only the authority to purchase, but to select the commissioners in case the property could not be acquired by negotia-

tion.   The court refused to grant the writ.   We do not see that the case is at all in point.

Petitioner relies upon the decision of this court recently made in the case of *Havemeyer* v. *Superior Court*, as decisive of the question of her right to the writ of prohibition in this case.   The cases are not at all parallel.   In the Havemeyer case, the proceeding in the court below was one taken on behalf of the state to secure a decree declaring the corporate franchise of a private corporation forfeited, and for a statutory penalty for violation of its charter.   Upon the application for prohibition in this court, no question was made as to the jurisdiction of the court below to hear and determine the action which was brought before it, and in it to determine every question that was raised affecting the rights of the parties to the action in the subject-matter thereof.   And this court, in passing upon the application, expressly declared, in substance, that it did not pass upon the jurisdiction or the regularity of the proceedings of the court below in hearing and determining the case before it, or in enforcing the judgment which it had rendered.   The proceeding to which the judgment of and the writ granted by this court was directed was one had after judgment in the matter of appointing a receiver with express direction to seize and take into his possession certain property not involved in the action in which the court had pronounced its judgment, and which was at the time in the possession of and claimed to be owned by persons who were not parties to that action, and who, consequently, had no day in court, and no right of appeal.   In this case the petitioner is a party defendant in the action pending in the court below, and is actively prosecuting her defense, with a right to have any ruling which may be made in that court reviewed here on appeal.   In the view we take of the case, she is not entitled to the relief here demanded.

The writ must be denied, and the order heretofore made herein, staying proceedings in the court below, vacated.

So ordered.

THORNTON, J., SHARPSTEIN, J., and PATERSON, J., concurred.