**STATE of Missouri ex rel. LUMBERMENS MUTUAL CASUALTY COM-PANY, Relator,**

v.

**The Honorable Tom J. STUBBS, Judge, Circuit Court, Division No. 5, Sixteenth Judicial Circuit, Respondent.**

No. 55234.

Supreme Court of Missouri, En Banc.

Sept. 13, 1971.

Rehearing Denied Oct. 11, 1971.

Roy A. Larson, Jr., Kansas City, for relator; Sprinkle, Carter, Larson & Hanna, Kansas City, of counsel.

John B. Ewing, Jr., Kansas City, for respondent.

DONNELLY, Judge.

This is prohibition.

On July 28, 1956, Amalia Reiners and Walter Bollman were involved in an automobile collision. Claims were asserted, trial was had, and on March 29, 1962, a verdict was returned for Reiners in the amount of $110,000. On October 23, 1963, after affirmance of the judgment against Bollman by this Court, Lumbermens Mutual Casualty Company (Bollman's insurer, and relator in this proceeding) paid its policy limits of $50,000, plus interest.

On August 19, 1969, Amalia Reiners, assignee of Walter Bollman, sued Lumbermens Mutual Casualty Company in Jackson County, Missouri, seeking $60,000 and interest from the date of judgment, and alleging, in part, as follows:

"8. Prior to and during the trial of said cause and before judgment for $110,000.00 was rendered, Reiners, through her attorneys, advised the said Garvey, Brown and Frost representing both counterclaim defendants, Terminal and Bollman, that they would accept $35,000.00, a sum within the policy coverage, in full settlement of the Reiner's claim, and said offer was submitted to Lumberman's for acceptance or refusal; that said offer was not submitted or disclosed to Bollman at any time prior to judgment either by Lumberman's or by its said attorneys all of whom occupied a fiduciary relation to the said Bollman, but said offer was refused by Lumberman's without Bollman's knowledge or approval and that by reason of all the matters, facts and things aforesaid, Lumberman's breached its fiduciary duty to disclose to Bollman that the case could be settled within the limits of its policy and failed to give good faith consideration to Bollman's interests and liability for any judgment in excess of its policy limits when refusing to accept said offer without Bollman's knowledge or approval; * * *."

On September 19, 1969, relator filed a motion to dismiss the petition in the trial court. On November 24, 1969, relator received a letter from respondent indicating his intention to overrule the motion. Relator petitioned this Court and our preliminary rule in prohibition issued. This opinion is written on reassignment.

■ We need not decide whether Bollman's cause of action was assignable to Reiners. If there can be no recovery on the part of the insured, Bollman, there can be no recovery on the part of his assignee, Reiners, who would stand in his shoes. Therefore, the question narrows to whether the action, now asserted by Reiners, sounds *in tort* or *in contract*. (See Keeton, Liability Insurance and Responsibility for Settlement, 67 Harvard Law Review 1136). If the action is one *in tort*, it is barred by the five-year statute of limitations (V.A.M.S. § 516.120). (Cf. Wessing v. American Indemnity Co. of Galveston, Tex., D.C.Mo. 1955, 127 F.Supp. 775, 781.)

In Landie v. Century Indemnity Company, Mo.App., 390 S.W.2d 558, 563, the Kansas City Court of Appeals stated the applicable Missouri law as follows:

"In Zumwalt v. Utilities Ins. Co., 360 Mo. 362, 228 S.W.2d 750, the Missouri Supreme Court gave careful consideration to this problem of failure to settle and concluded that where the company acted in bad faith in refusing to settle within the policy limits it was liable *in tort* to the insured for the entire resulting judgment against the insured, including that part thereof in excess of the policy limits. The court held that such cause of action in the insured was not based on breach of contract and was not based on negligence but was an action *in tort* for the wrong committed by the company when it failed to act in good faith in determining whether or not to accept the offer to settle the claim against its insured within the limits of its policy." (Emphasis ours.)

■ The Reiners petition, filed August 19, 1969, states no enforcible cause of action whatever, and it appears that none can be

stated. In these circumstances, the preliminary rule in prohibition should be made absolute. Dahlberg v. Fisse, 328 Mo. 213, 40 S.W.2d 606; State ex rel. National Refining Co. v. Seehorn, 344 Mo. 547, 127 S.W.2d 418 [13, 14]. It is so ordered.

All concur except BARDGETT, J., who concurs in result.