**STATE ex rel. George MORASCH, II, Relator,**

v.

**Honorable William M. KIMBERLIN, Judge, Circuit Court, Cass County, Respondent.**

No. 64628.

Supreme Court of Missouri, En Banc.

Aug. 16, 1983.

June Clark, Danny L. Curtis, Kansas City, for relator.

Christopher C. Marsh, Kansas City, for respondent.

DONNELLY, Judge.

On December 10, 1980, Colleen Morasch filed a petition for damages against George Morasch. The petition for damages contained an instruction to the clerk of the court to: "Hold for entry—Do not serve."

Colleen first requested service of process on December 14, 1981, one year and one day after the expiration of the applicable statute of limitation. § 516.120(4), RSMo 1978. George filed a motion to dismiss, alleging Colleen's cause of action was barred by the statute of limitation. Respondent Judge Kimberlin, after hearing the parties on the question, overruled the motion to dismiss. An application for prohibition was filed in the Western District of the Court of Appeals seeking to prohibit Judge Kimberlin from proceeding to trial. A preliminary order was issued by the Court of Appeals and, after briefing and argument, was made absolute. The cause was transferred to this Court on certification of a dissenting judge.

The question on this appeal is whether a preliminary rule in prohibition should be made absolute against a circuit judge who, unless prohibited, intends to proceed to trial after ruling that § 516.120(4), RSMo 1978, does not bar Colleen's claim.

In *State ex rel. Union Depot Ry. Co. v. Southern Ry. Co.*, 100 Mo. 59, 61, 13 S.W. 398 (1890), this Court held that a writ of prohibition did not lie to prevent the circuit court of the City of St. Louis from entertaining proceedings for the condemnation of property on the ground that it had no jurisdiction over the special class of property involved in the proceedings and said:

"We are of the opinion that the question thus raised is not a proper one for our decision upon this application. Where the action or course which a court is about to adopt is such as it has lawful power to take, it should not, ordinarily, be prohibited from taking it.

"Whether the particular facts on which the court proceeds in that regard are, or are not, sufficient to justify its exercise of jurisdiction, is a question of law, the solution of which either way cannot impair the court's right to apply its judicial power in the premises according to its view of the law and of the facts before it. For instance, where a court has jurisdiction to render judgments, in ordinary civil causes, it would be manifestly improper

to issue a writ of prohibition against it on an application alleging that it was about to pronounce such a judgment on a petition which did not state a cause of action, but which the trial court had held sufficient, or because the latter had ruled erroneously that the plaintiff had a legal capacity to maintain the action."

In 1912 and 1914, the *Union Depot* position was buttressed by Judge Lamm in *State ex rel. Bernero v. McQuillin*, 246 Mo. 517, 152 S.W. 347 (banc 1912) and *State ex rel. Warde v. McQuillin*, 262 Mo. 256, 171 S.W. 72 (banc 1914). However, in 1936, this Court paid deference to the *Union Depot* position in *State ex rel. Johnson v. Sevier*, 339 Mo. 483, 490, 98 S.W.2d 677, 680 (banc 1936) and then said: "But, where a petition reveals that the pleader has not stated, and cannot state, a cause of action of which the circuit court would have jurisdiction, then prohibition will lie." The *Johnson* position proceeded through *State ex rel. National Refining Co. v. Seehorn*, 344 Mo. 547, 127 S.W.2d 418 (1939) to *State ex rel. Lumbermens Mutual Casualty Company v. Stubbs*, 471 S.W.2d 268 (Mo. banc 1971). In *Lumbermens*, this Court made a preliminary rule in prohibition absolute against a judge who intended, unless prohibited, to rule that § 516.120, RSMo 1978, did not bar plaintiff's claim.

By contrast, the Supreme Court of California, in its treatment of the question before us, has remained on track. In 1890, in *Bishop v. McKinley*, 87 Cal. 226, 25 P. 435, 437 (1890), a case involving the exercise of eminent domain, the Supreme Court of California expressly adopted the *Union Depot* position. That position proceeded through *Redlands High School Dist. v. Superior Court of San Bernardino County*, 20 Cal.2d 348, 125 P.2d 490, 496, 497 (1942) to *County of Santa Clara v. Superior Court*, 4 Cal.3d 545, 483 P.2d 774, 775, 776, 94 Cal.Rptr. 158, 159, 160 (Bank 1971). In *County of Santa Clara,* the Supreme Court of California refused to enter a peremptory writ of prohibition against a judge who intended, unless prohibited, to proceed to trial after ruling that a statute of limitation did not bar plaintiffs' claim and said:

"The leading case of *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 109 P.2d 942, pronounced the rule that prohibition may be invoked only to restrain an act in excess of jurisdiction. One year later this court, in *Redlands High School District v. Superior Court* (1942) 20 Cal.2d 348, 125 P.2d 490, faced the problem of applying that decision to a case involving noncompliance with a claims requirement. There, the plaintiff brought a personal injury action in a justice court against the school district, but failed to file the claim that was then required under section 2.801 of the School Code. The justice court nevertheless gave judgment for plaintiff; the superior court, on trial de novo, affirmed. Since no appeal would lie, defendants brought certiorari.

"Refusing to issue the requested writ, this court reasoned that: 'Not every violation of a statute constitutes excess of jurisdiction on the part of a court. The doctrine relied upon by petitioners applies only where the clear purpose of the statute is to restrict or limit the power of the court to act and where the effective enforcement of such restrictions requires the use of the extraordinary writs of certiorari or prohibition. Where, as here, the statute does not restrict the power of the court but merely sets up a condition precedent to the establishment of plaintiff's cause of action, we think the violation of the statutory provision constitutes an error of law rather than excess of jurisdiction.' * * *."

▪ We must recognize that "[t]he constitutional limits on judicial authority to effect appellate jurisdiction are violated by over-generous use of the writ" of prohibition. Tuchler, Discretionary Interlocutory Review in Missouri: Judicial Abuse of the Writ?, 40 Mo.L.Rev. 577 (1975). We are persuaded that we should not continue the unfettered use of the writ of prohibition to allow interlocutory review of trial court error. The *Union Depot* position is as sound today as it was in 1890. *See,* Comment, The Writ of Prohibition in New

York—Attempt to Circumscribe an Elusive Concept, 50 St. John's L.Rev. 76 (1975).

■ We need not decide whether respondent Kimberlin was right or wrong on the question of law in his case. In our view, the requirement of § 516.120(4), *supra,* "is one which goes to the elements of the plaintiff's right to recover rather than to the power of the court. Judgment in favor of the plaintiff in the absence of such a claim is a grievous error of law and a violation of statute. But not every violation of a statute constitutes excess of jurisdiction on the part of a court. The doctrine relied upon by petitioners applies only where the clear purpose of the statute is to restrict or limit the power of the court to act and where the effective enforcement of such restrictions requires the use of the extraordinary writs of certiorari or prohibition. Where, as here, the statute does not restrict the power of the court but merely sets up a condition precedent to the establishment of the plaintiff's cause of action, we think the violation of the statutory provision constitutes an error of law rather than excess of jurisdiction." *Redlands High School Dist. v. Superior Court of San Bernardino County,* 20 Cal.2d 348, 125 P.2d 490, 496, 497 (1942).

The preliminary order in prohibition is quashed.

HIGGINS and GUNN, JJ., and KELSO, Senior Judge, concur.

RENDLEN, C.J., concurs in result.

BLACKMAR, J., concurs in result in separate opinion filed.

FINCH, Senior Judge, concurs in result and concurs in opinion concurring in result of BLACKMAR, J.

WELLIVER and BILLINGS, JJ., not sitting.

BLACKMAR, Judge, concurring in result.

I agree that the provisional rule issued by the Court of Appeals should be quashed, but believe that there are adequate grounds for reaching that result which are peculiar to this case, so that it is not necessary to make

the very broad changes in the law of extraordinary remedies which the principal opinion would. I would hold consideration of major changes for another day, when a case is presented which requires closer scrutiny. In expressing my views I make substantial use of the dissenting opinion of Judge Pritchard in the Court of Appeals, as to his analysis of the special circumstances which attend this case and demonstrate that prohibition is not at all appropriate.

The case presents at least two factual issues on the question of the statute of limitations, as follows: (1) who put the note on the filed copy of the petition, "hold for entry Do not serve;" and (2) did some authorized agent of the defendant's agree to waive service of process and procure the defendant's entry of appearance? The defendant-relator filed a motion to dismiss accompanied by affidavits, which the trial court could undoubtedly treat as a motion for summary judgment under Rule 55.27(a). The plaintiff's original attorney, who could probably explain the whole problem, has apparently left the practice and could not be located. Under these circumstances the trial judge had no obligation to sustain the motion to dismiss, whether or not treated as a motion for summary judgment. He might, rather, allow the case to proceed to trial, so that the evidence could be fully considered and rulings made on all issues, subject to review on appeal.

Statute of limitations, furthermore, is an affirmative defense under Rule 55.08, and the defendant has the burden of proof. The trial judge might not have been satisfied that the defendant's affidavits negated the possibility that some authorized agent of the defendant or his insurance company, with which the plaintiff had been negotiating, had agreed to procure an entry of appearance. Or the trial judge might have considered it wise to let the case remain pending because of the possibility that the missing lawyer might be found and a full explanation made. The Court of Appeals, in making the rule absolute, effectively deprived the trial court of its discretionary

authority. This is a clear misuse of the writ of prohibition.

My disagreement with the principal opinion stems from its apparent assumption that this Court, many years ago, strayed from the straight and narrow path of extraordinary legal remedies, and that it should be brought back on track in the manner indicated by California decisions. The cases of *State ex rel. Johnson v. Sevier,* 339 Mo. 483, 98 S.W.2d 677 (banc 1936); *National Refining Co. v. Seehorn,* 344 Mo. 547, 127 S.W.2d 418 (1939); and *State ex rel. Lumbermens Mutual Casualty Co. v. Stubbs,* 471 S.W.2d 268 (Mo. banc 1971), arose on facts far different from those now before us. I have great respect for the judges who participated in those decisions, and am not prepared to overrule them in a case which is as clear for the denial of prohibition as is the one before us. I am also concerned that the briefing and argument have not gone into the broader aspects of prohibition.

Article V, Section 4 of the Constitution of 1945 gives the appellate courts of this state the power to issue "original remedial writs" in the exercise of their power of superintending control. This provision expands the provision of the Constitution of 1875, which specifically mentioned the writs of habeas corpus, mandamus, prohibition, quo warranto, and certiorari, but went on to provide for "other original remedial writs." It is the sense of the 1875 provision that the court may exercise a degree of creativity in devising and issuing writs. The 1945 provisions are more expansive, and clearly do not limit our authority to the traditional writs accompanied by the historic restrictions on their issuance. The adoption of the 1945 provision would indicate that the framers and the voters were not dissatisfied with the existing state of the writ issuing authority, and that they were willing to continue the discretion which had been granted the courts.

I would not disagree with the proposition that this Court and other courts have sometimes indulged in an expansive construction of the term "jurisdiction" in the issuance of remedial writs, and especially writs of pro-

hibition, but am not at all persuaded that this is bad. Fictions have played an important part in the development of the law, both procedural and substantive. They are usually created by judges who react to demonstrated need but are unwilling to depart from existing concept and doctrine. In such instances it is easy, but hardly sufficient, to point to logical fallacies in the fictitious analysis. I prefer to take a realistic view of what we have done, and to realize that superintending control must necessarily involve the broad exercise of discretion. The best protection against abuses and against the proliferation of piecemeal appeals lies in the judicious exercise of discretion, rather than in the strict adherence to technical and conceptual requirements.

The principal opinion would impose a procedural straightjacket on our power of superintending control which might keep us from taking needed and effective action in compelling cases. I am not willing to sanction a holding which would disable this Court, or a court of appeals, from prohibiting the further maintenance of a lawsuit in which there could not possibly be a recovery, and in which the appellate court is persuaded that there is very good reason for intervening before trial. Writs also may be useful in cases in which there are multiple parties and in which the appeal remedy is not available until there has been a decision on the whole case covering all parties and all issues. Perhaps the general rule precluding appellate review is sound in the great majority of instances, but there are times in which an immediate decision on the status of a particular party might be of great help in securing the prompt and effective disposition of the entire case. I would leave the determination of particular cases for the future, and would not make an expansive pronouncement in a case in which it is not required.

I am thoroughly familiar with Professor Tuchler's outstanding and scholarly article on Extraordinary Remedies in Missouri. He has many valuable suggestions. His primary argument, as I read him, is that

our appellate courts have been too much disposed to intervene in pending cases by the use of writs. If this is so, we have the means of control. To the extent that he suggests that the courts have usurped constitutional authority in the issuance of writs I respectfully disagree, on the basis of the historical circumstances here cited. I doubt, furthermore, that the legislators consider that we have transgressed the limits they have set for appellate jurisdiction. It is much more likely that successive General Assemblies, which have always contained many distinguished members of the bar (in unfortunately decreasing numbers), have considered that our writ practice is an appropriate means for providing limited, discretionary interlocutory review in compelling, controlled situations, and have thought that it would not be necessary to adopt the equivalent of 28 United States Code Sec. 1292(b), which provides explicitly for discretionary appellate review of interlocutory orders. But detailed consideration of these matters should be left for another day, when a case is before us which requires it.