**Ronald MORTON, Respondent,**

v.

**CITY OF MAPLEWOOD, Missouri, Appellant.**

**No. 40761.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 1, 1979.

Dennis Buchheit, Clayton, for appellant.

Arthur S. Margulis, Clayton, for respondent.

CRIST, Judge.

This appeal involves the June 3, 1977 dismissal of Officer Morton from the Maplewood Police Force. Officer Morton appealed his discharge to the City Council of Maplewood which dismissed his appeal and affirmed his discharge. Upon review, the circuit court reversed and set aside the order and decision of the City Council of Maplewood. The City of Maplewood now appeals from the judgment of the circuit court which we affirm.

The notice of discharge given to respondent Officer Morton stated that he was discharged "for having made a false certification . . . as to the purchase of a firearm." It further "advised" Officer Morton that such false certification amounted to "dishonest conduct."

At the hearing in front of the City Council, although Officer Morton did not testify on his own behalf, he was called by the City of Maplewood as a hostile witness. He stated his name and thereafter upon advice of his counsel invoked the Fifth Amendment right against self-incrimination.

After Officer Morton filed his petition for review in the circuit court but before a hearing was held, the City of Maplewood filed a motion to strike and dismiss claiming:

> Where a person who invokes his privilege against self-incrimination is voluntarily before a tribunal and is seeking *affirmative relief*, as plaintiff [Officer Morton] did before the City Council of defendant [City of Maplewood] by praying that the City Council revoke his discharge, and as plaintiff does here by praying that this Court stay and set aside the action of the defendant and to restore to him his lost salary, his prayer for such affirmative relief should be stricken and his cause of action dismissed by the Court.

The circuit court overruled the motion to strike or dismiss on January 19, 1978. On appeal as point one of error the City of Maplewood claims the circuit court incorrectly ruled on the motion.

In support of this claim the City of Maplewood cites *State ex rel. Pulliam v. Swink,* 514 S.W.2d 559 (Mo. banc 1974). While *Pulliam* and the cases cited therein as well as *State ex rel. Falcone v. Levitt,* 572 S.W.2d 252 (Mo.App.1978) do state a principle relating to the discretional authority of a tribunal to strike pleadings of a party invoking the Fifth Amendment right against self-incrimination where that party is seeking affirmative relief, that principle is not applicable here.

■ First, all the cases enunciating the above stated principle are reviewing the use of the principle in the trial court, not in evidentiary administrative hearings. Second, the overruled motion to strike or dismiss, of which the City of Maplewood complains, was filed at the circuit court level, a level of appellate review in administrative cases, and not the level in which the right against self-incrimination was invoked. If the *Pulliam* principles were to apply at administrative hearings, the discretion to strike or dismiss would lie in the tribunal before whom the right is invoked and not in a court acting as a reviewer of the proceedings. The circuit court was not in error in overruling the motion to strike or dismiss filed in the circuit court.

As City of Maplewood's second point of error, it claims the circuit court erred in reversing respondent's discharge because there was competent and substantial evidence upon the whole record to support the City Council's decision.

■ While the City of Maplewood correctly states that our review is limited to a determination of whether there is competent and substantial evidence upon the whole record supporting the City Council's decision, Mo.Const. Art. V, § 22; § 536.140 RSMo. 1969; Rule 100.07(b)(3), we cannot agree with their claim of error. Our review of the transcript of the City Council hearing reveals that City of Maplewood failed to produce competent and substantial evidence to support the decision of the City Council.

The City Council had the following evidence before it upon which to base its decision. At the hearing, Officer Morton stipulated to City's Exhibit # 1: a record of

proceedings on October 30, 1969 in Cause No. 1947–R in the Circuit Court of the City of St. Louis, Division 16, The Honorable Thomas F. McGuire presiding in which Morton pleaded guilty to the crime of stealing from a person, a felony punishable by imprisonment for a term exceeding one year. Judge McGuire suspended sentence and placed Morton on probation for four years. Morton was discharged from probation and his rights and privileges of citizenship were restored on April 10, 1972.

At the hearing, the City of Maplewood called Raymond W. Reynolds who testified that he owned Ray's Police Supply, Inc. and that on October 11, 1974 he sold a firearm to respondent Morton. He further testified that Morton completed a Firearms Transaction Record, A.T.F. Form 4473. Although there are several references to this form and Police Chief Heberer testified he discharged Officer Morton for "falsifying an application for purchasing a firearm," at no time did appellant offer into evidence nor did the Council accept a copy of Form 4473 which appellant had marked as Exhibit # 2.

Police Chief Heberer testified that he had been shown a copy of Form 4473 which he believed Officer Morton had falsified by answering in the negative a question on the application which inquired if the applicant had ever been convicted of a felony regardless of the actual sentence given.

The only other relevant evidence before the Council was introduced on behalf of respondent Officer Morton. Officer Morton called Carl Porter, the former Police Chief of the City of Maplewood, who admitted receiving a letter while he was Police Chief from Judge Thomas McGuire on July 2, 1973. Carl Porter read the contents of the letter to the Council without objection. The letter, after reciting the facts found in Exhibit # 1 discussed above, stated: "As no sentence was pronounced by the Court, Mr. Morton has no conviction on his record under Missouri law."

From this evidence the City Council made the following conclusions of law:

6. In 1974 Ronald Morton made a false certification upon a Firearms Transaction Record, ATF Form 4473, by answering "No" to Question 8.b., which asked if he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, and that the applicant must answer "yes" if the judge *could have* given such a sentence, whether he actually did or not.

7. Such false certification by Morton amounts to dishonest conduct.

Conclusion No. 6 clearly indicates a reliance on Exhibit # 2, documentary evidence which was never properly admitted into evidence. Because this documentary evidence relied on by the Council was not in the record, the conclusion is not supported by substantial and competent evidence. *State ex rel. Church's Fried Chicken, Inc. v. Board of Adjustment*, 581 S.W.2d 861 No. 40222 (Mo.App. April 3, 1979). The testimony of Police Chief Heberer alone on which he states his *conclusion* that Officer Morton falsified the application, is insufficient to support the detailed conclusion.

Likewise Conclusion No. 7 is without competent and substantial evidence based on the whole record. Regardless of the use of "false certification" in Conclusion No. 7, which is unsupported here the same as in Conclusion No. 6 above, there is no showing that such certification, if made, was "dishonestly" made. Dishonesty necessarily involves an intent to deceive, a showing of which is completely absent in the record.

We do not find need to discuss the City of Maplewood's point three of error because it is not relevant.

We affirm the judgment of the circuit court reversing the decision of the City Council and setting aside the discharge of Officer Morton.

REINHARD, P. J., and GUNN, J., concur.