Maurice S. KINGSLEY,
Plaintiff-Respondent,

v.

Shirley Burack KINGSLEY,
Defendant-Appellant.

No. 41622.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 1, 1980.

Gideon H. Schiller, Clayton, for defendant-appellant.

William C. Maier, Richard Wolff, St. Louis, for plaintiff-respondent.

GUNN, Presiding Judge.

Defendant-appellant, Shirley Kingsley, appeals from an order of the St. Louis County Circuit Court sustaining the motions of plaintiff-respondent, Maurice Kingsley, to set aside a judgment and for a new trial.[1] We affirm.

Respondent Maurice Kingsley and appellant Shirley Kingsley are husband and wife, although proceedings to cleave the matrimonial ligatures are pending. The events leading to this appeal are as follows. In April, 1973, Mr. Kingsley filed suit in St. Louis County Circuit Court against Mrs. Kingsley for money had and received and for an accounting of profits arising out of an apartment complex owned by them in St. Louis County. Mrs. Kingsley filed an answer with a counterclaim alleging a general business partnership between them and seeking, *inter alia*, a dissolution of the partnership with equal distribution of the assets. Mr. Kingsley subsequently voluntarily dismissed his petition and filed answer to the counterclaim.

After Mr. Kingsley failed to appear at a scheduled deposition, Mrs. Kingsley moved to strike his pleadings as a Rule 61.01 sanction. Her motion was granted and ultimately an order was entered on a motion for default and inquiry. After inquiry on damages the trial court entered judgment in favor of Mrs. Kingsley for $2,000,000 representing one-half her estimate of the partnership assets. Mr. Kingsley's subsequent timely motions to set aside the judgment and for a new trial were sustained by the trial court without statement of grounds. This appeal by Mrs. Kingsley followed.

Appellant and respondent disagree as to the standard of review which follows the striking of a pleading as a Rule 61.01 sanction. While both parties have disdained reference to it, *In Re Marriage of Dickey*, 553 S.W.2d 538 (Mo.App.1977), is directly felicitous in its holding:

> [T]he rendition of judgment which follows the disallowance of a pleading for failure to obey a discovery order does not come by default, in the ordinary sense, but is treated as a judgment upon trial by the court. *Jewell v. Jewell*, 484 S.W.2d 668, 672[2] (Mo.App.1972). *Thus, the principles which govern this appeal, do not relate to default judgments as such, but to the discretion of the court . . . .*

*Id.* at 539. (emphasis added)[2] *Caldwell Paint Mfg. Co. v. LeBeau*, 591 S.W.2d 1, 3 (Mo.App.1979), follows *Dickey* and gives a lesson of law on the nuances of after trial motions and various types of judgments which may be rendered. The judgment involved here replicates the type of judgment in *Dickey* in which the comment was made that "[t]he default of a party is a drastic punishment and is most aptly invoked where the party has shown a contumacious and deliberate disregard for the authority

---

1. The parties provide a distinct international flavor to the case. Mr. Kingsley resides in Switzerland; Mrs. Kingsley lives in Aruba, Netherlands, Antilles.

2. Cases relied on by both appellant and respondent involve default judgments for failure to file pleadings or appear at trial and are, therefore, not directly applicable to the issues presented in this case.

of the court." *Id.* at 541. The specific holding in this case is that there was no abuse of discretion by the trial court in setting aside that judgment.

■ As justification for failing to give deposition testimony, Mr. Kingsley has asserted his constitutional privilege against self-incrimination and Mrs. Kingsley's failure to exhaust alternate methods of discovery pursuant to Rule 57. His Rule 57 claim has merit and serves as a proper basis for the trial court's action in setting aside its prior judgment. Of course, the right exists to depose an adverse party, but as stated in *State ex rel. Von Pein v. Clark*, 526 S.W.2d 383, 386 (Mo.App.1975):

> [T]he "absolute right" to take depositions must be equitably measured with adverse consequences and hardships on the party sought to be deposed as the facts may show. Here the fact of relators' far distant residence from the place they were ordered to appear for the taking of their depositions is a most significant one. . .
> [T]he plaintiff must abide by the provisions for discovery available to her which would obviate undue hardships upon [the party to be deposed].

As in *Von Pein* the party to be deposed resides in a foreign country.[3] Failure to exhaust Rule 57 procedures gave the trial court justification for setting aside the judgment as it did in this case.

■ Having ruled on the Rule 57 issue, we need not determine whether the constitutional guarantee against self-incrimination is available to Mr. Kingsley in this civil case. *See State ex rel. Pulliam v. Swink*, 514 S.W.2d 559 (Mo. banc 1974); *Cantor v. Saitz*, 562 S.W.2d 774 (Mo.App.1978). We do note that the fifth amendment privilege is not without its exactor that "[o]nce the privilege has been invoked to preclude discovery, trial courts have the power not to allow the [party] to change his position and testify at trial to his benefit." *Pulliam*, 514 S.W.2d at 561. *See also Morton v. City of Maplewood*, 581 S.W.2d 924 (Mo.App.1979) (discretionary authority of the trial court to strike pleadings if affirmative relief is sought).

■ Mr. Kingsley urges that this appeal be dismissed for the reason that Mrs. Kingsley's counterclaim, which is the sole matter pending before the trial court, fails to allege a partnership with sufficient specificity. The underlying basis for Mrs. Kingsley's partnership assertion is contained in Mr. Kingsley's proposal of marriage to her whereby during a spring stroll together on New York City's Park Avenue he proposed that they be partners together forever in business and marriage. He asserts that such a proposal would not be sufficient to state a claim for partnership in New York. We need not dwell on or delve into whether New York or Missouri law governs the substantive rights of the parties as to the existence of a partnership. The rule is that the law of the forum is to be applied to all procedural considerations, including challenges to the sufficiency of the petition. *Greene v. Morse*, 375 S.W.2d 411 (Mo.App. 1964).

Without deciding whether Mrs. Kingsley's counterclaim does set a cause of action, we note that in *Fish v. Fish*, 307 S.W.2d 46 (Mo.App.1957), a petition for a joint venture was found to be sufficient stating little more than alleged here. And *Fulton v. Fulton*, 528 S.W.2d 146 (Mo.App. 1975), is in accord with *Fish*. Further considering the fundamental precept regarding the liberality and broad indulgence with which averments of a petition are to be viewed, *Jaime v. Neurological Hospital Ass'n of Kansas City*, 488 S.W.2d 641 (Mo. 1973), and *North Elec. Co. v. Satallite Communications*, 588 S.W.2d 261 (Mo.App.1979), and the fact that the trial court may grant relief to Mrs. Kingsley to file an amended counterclaim as in *Fish v. Fish*, we need not rule on the merits of the petition. We leave that for the trial court's consideration.

Judgment affirmed.

STEPHAN and PUDLOWSKI, JJ., concur.

---

**3.** Albeit that procedures in Switzerland offer some formidable obstacles that make the taking of a deposition substantially difficult.