**David HICKMAN, Appellant,**

v.

**ELECTRONIC KEYBOARDING, INC., Appellee.**

No. 83–2376.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1984.

Decided Aug. 24, 1984.

Thomas M. Hanna, St. Louis, Mo., for appellee; McMahon, Berger, Breckenridge, Hanna, Linihan & Cody, St. Louis, Mo., of counsel.

Stuart R. Berkowitz, Clayton, Mo., for appellant; Chackes & Hoare, St. Louis, Mo., of counsel.

Before ROSS, McMILLIAN and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

David Hickman brought this suit against Electronic Keyboarding for race discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981. The District Court[1] granted summary judgment in favor of Electronic Keyboarding, holding that the action was barred by res judicata. Hickman contends on appeal that he was neither a party nor in privity with a party in prior proceedings before the Missouri Commission on Human Rights (MCHR or the Commission) and the state courts. These proceedings ended with a determination that defendant had not discriminated against Hickman. We affirm the District Court.

### I.

Because Hickman was the party opposing the motion for summary judgment in the District Court, on appeal we must view the facts in the light most favorable to him. Hickman, a black man, filed a charge of race discrimination with MCHR. He alleged discrimination concerning his wages and in the denial of a promotion from computer operator to computer programmer. The Commission filed a complaint against Electronic Keyboarding, and a hearing was held. The hearing officer found that defendant's decision not to promote Hickman was based on his race, and held that Elec-

---

1. The Hon. Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

tronic Keyboarding should offer Hickman a computer-programmer job and pay backpay. He issued a recommended decision, and the MCHR hearing panel adopted his findings and issued its decision and order accordingly.

Electronic Keyboarding appealed the MCHR's decision to the Circuit Court of Cole County, Missouri, which held that the Commission's decision was "arbitrary and capricious, unauthorized by law and an abuse of discretion," and that Hickman never satisfied his burden of showing that race was a determining factor in his employer's decision. Designated Record (D.R.) 30. The MCHR appealed to the Court of Appeals of Missouri, but later withdrew the appeal with the Court's consent. Hickman received his right-to-sue letter from the EEOC, and then commenced this action.

The District Court held that *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), was controlling, and that under *Kremer* this action was barred by res judicata.[2] In *Kremer*, a state administrative agency determined that there was no probable cause to believe that defendant had engaged in employment discrimination. The administrative appeal board found that the agency's decision was "not arbitrary, capricious or an abuse of discretion," *id.* at 464, 102 S.Ct. at 1888, and the Appellate Division of the New York Supreme Court affirmed. The case was then reviewed by the United States Supreme Court, which held that 28 U.S.C.

§ 1738 (1982) required federal courts to give preclusive effect to the New York state court's review of the state administrative agency's decision.[3] *Kremer* requires, with exceptions not here relevant, that federal courts give res judicata effect to state-court judgments whenever the courts of the state from which the judgment emerged would do so. *Accord, Migra v. Warren City School District Bd. of Educ.*, —— U.S. ——, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Hickman argues that there is no res judicata under Missouri law because he was not a party or in privity with a party in the state administrative and judicial proceedings. We disagree.

## II.

■ In Missouri, estoppel by a former judgment, or res judicata, requires: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality of the person for or against whom the claim is made. *Prentzler v. Schneider*, 411 S.W.2d 135, 138 (Mo. 1966) (en banc) (citations omitted). On matters of state law, we usually defer to the trial court's ruling. *Ancom, Inc. v. E.R. Squibb & Sons, Inc.*, 658 F.2d 650, 654 (8th Cir.1981).

■ Hickman claims that the element of "identity of the persons and parties to the action" is lacking because the party opposing Electronic Keyboarding in the state proceedings was not he, but the Missouri

---

**2.** We use the term "res judicata" in a generic sense, as the District Court did, to include both res judicata proper, formerly referred to as merger and bar, now called claim preclusion by some, and collateral estoppel, or issue preclusion. The distinction is not important for purposes of this case. The question here is whether Hickman is concluded by the adverse determination on the issue of discrimination in the state courts. The rule that a judgment binds only parties and their privies is a requirement of both species of res judicata.

**3.** Hickman seeks to distinguish *Kremer* on the ground that in *Kremer* the employee appealed the state agency decision, while here the employer appealed. We think that, given the Supreme Court's holding in *Kremer*, the preclusive

effect federal courts must give state-court decisions under § 1738 does not depend on whether the plaintiff or the defendant sought state-court review. See *Unger v. Consolidated Foods Corp.*, 693 F.2d 703, 710 n. 11 (7th Cir.1982), *cert. denied*, 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366; —— U.S. ——, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983). The matter would be quite different if state law, here the law of Missouri, drew such a distinction, but no one claims that it does. This Court's opinion in *Gunther v. Iowa State Men's Reformatory*, 612 F.2d 1079 (8th Cir.), *cert. denied*, 446 U.S. 966, 100 S.Ct. 2942, 64 L.Ed.2d 825 (1980), supports Hickman's view, but *Gunther* can no longer be considered good law after *Kremer*.

Commission on Human Rights. He points out that the Commission's hearing officer observed that he "appeared but did not intervene personally or by counsel." D.R. 16. Intervention is not as of right, but is at the hearing officer's discretion. Hickman argues that the possibility that he could have requested and been allowed to intervene should not impose the status of "party" upon him.

Up to this point, plaintiff's argument is plausible. But after the Commission administratively ruled in his favor, the scene shifted to court, and the Commission appeared and actively defended plaintiff's interests. The Missouri Rules of Civil Procedure provide as follows:

> Every civil action shall be prosecuted in the name of the real party in interest but ... a party authorized by statute may sue in his own name in such representative capacity without joining with him the party for whose benefit the action is brought. When a statute so provides, a civil action for the use or benefit of another shall be brought in the name of the State of Missouri.

Mo.R.Civ.P. 52.01. The Commission, acting for Hickman's benefit under this rule, appeared in the state court to carry out its statutory duty "to seek to eliminate and prevent discrimination in employment because of race...." Mo.Ann.Stat. § 296.-030(1) (Vernon 1965 & Supp.1984). It was Hickman's charge of discrimination, originally filed with the Commission, that was adjudicated by the state agency and that was the basis of the action in the state court. If the Commission had won in the state court, Hickman would certainly have received his job as a computer programmer and backpay, and Electronic Keyboarding would have been concluded by the judgment.

In these circumstances, we agree with the District Court that, under Missouri law, the relationship between Hickman and the Commission is sufficiently close to deserve the label of "privity." The representation that the Commission gave Hickman's interests, in other words, makes it fair for him

to be bound by the judgment entered against the Commission. Hickman points out that the Commission may not necessarily have been motivated solely by a desire to defend his personal interests. The Commission, after all, has institutional responsibilities, and its decision to ask for dismissal of its appeal to the Court of Appeals of Missouri may have been due to a judgment on its part that other duties assigned to it deserved its attention, instead of to any view it may have had about the merits of Hickman's claim. The point is not without force, but the fact remains that the Commission's appearance in the state courts was for the sole purpose of defending Hickman's legal rights. The Missouri Supreme Court has defined privity as follows:

> "[P]rivity" depends more upon the relation of the parties to the subject matter than upon their connection as parties with or any activity in the former litigation .... Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right; and where this identity of interest is found to exist, all are alike concluded and bound by the judgment.

*Drainage District No. 1 Reformed v. Matthews*, 234 S.W.2d 567, 574 (Mo.1950). There is no Missouri appellate opinion directly in point for present purposes. In this situation, we accept the District Court's judgment that a sufficient "identity of interest" was present here.

 In addition, and as an alternative ground for affirming the judgment of the District Court, we hold that Hickman was actually a party to the state-court action brought by Electronic Keyboarding. Thus, even if he was not in privity with the Missouri Commission on Human Rights (also a defendant in that action), he is bound by the judgment. The caption of the case in the Circuit Court of Cole County, Missouri, identifies David Hickman as a "defendant" along with the Missouri Commission on Human Rights. D.R. 27. The opinion of the Circuit Court, D.R. 28, also

refers to Hickman as "[d]efendant." Similarly, the caption of the case in the Court of Appeals of Missouri, D.R. 32, lists Hickman as a defendant along with the Commission. A copy of the Commission's "Notice to Withdraw Notice of Appeal" was served on Hickman, *ibid.*, and, as a party, Hickman could have opposed the Commission's motion to dismiss or could have prosecuted the appeal on his own. In short, entirely apart from privity, Hickman was a named party in the full and formal sense.

In the state proceedings MCHR, along with Hickman as a named party, litigated Hickman's right to be free from race discrimination in employment. It is that same right he seeks to assert in the federal forum. His action, therefore, is barred by res judicata.

Affirmed.