STATE ex rel. NORANDA ALUMINUM, INC., Relator,

v.

Elizabeth J. RAINS, Chief Hearing Examiner for the Missouri Commission on Human Rights, Respondent.

No. 66872.

Supreme Court of Missouri, En Banc.

March 25, 1986.

Louis N. Laderman, St. Louis, for relator.

William L. Webster, Atty. Gen., Robert L. Swearingen, Jennifer Fisher, Asst. Attys. Gen., Jefferson City, for respondent.

WELLIVER, Judge.

This case involves a discrimination action before the Missouri Commission on Human Rights against relator, Noranda Aluminum, Inc. The complaint was filed by Darryl E. Love, and relator subsequently filed with the hearing examiner a notice to depose Love. The hearing examiner held that Love was not a party to the proceedings and absent party status Love could not be deposed without the issuance of a subpoena. Relator challenged this conclusion by the hearing examiner and obtained a stay of the proceedings, pending a petition for writ of prohibition. We issued a preliminary order in prohibition on April 2, 1985. Rule 97.04. We now make our preliminary order absolute.

At the outset, there is some question concerning the propriety of deciding this issue in a writ proceeding. Our power to issue remedial writs derives from our Constitution. Mo. Const. art. V, § 4.1. The legislature also has provided that writs of prohibition *"shall* be granted to prevent usurpation of judicial power, and in all cases where the same is now applicable

according to the principles of law." § 530.-010, RSMo 1978. The constitutional grant of authority is more expansive than the statutory grant, and it gives this Court discretionary power in issuing remedial writs. By contrast, the statutory provision purports to direct when a writ *shall* issue. Situations where this Court has issued writs of prohibition generally fall within one of three categories. First, where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction, we have entertained writs of prohibition. Second, although less frequently, we will entertain a writ of prohibition where there exists a clear excess of jurisdiction or abuse of discretion such that the lower court lacks the *power* to act as contemplated.

The third situation is perhaps the most unsettled area. When this Court is presented with an action that is not an abuse of discretion or excess of jurisdiction in the customary fashion in which we have interpreted those concepts, we occasionally will issue a writ of prohibition if the party can satisfy a number of conditions—often falling under the rubric of no adequate remedy by appeal. This category often acts as a mechanism for deciding an important legal question that routinely escapes this Court's attention because of the litigation process and the lack of interest in some instances to prosecute an appeal at a client's expense. It might be noted that there are no interlocutory appeals in civil cases in Missouri, which in other jurisdictions might cover some of the situations in this third category. Thus, where there is an issue which might otherwise escape this Court's attention for some time and which in the meantime is being decided by administrative bodies or trial courts whose opinions may be reason of inertia or other cause become percedent;[1] and, the issue is being decided wrongly and is not a mere misapplication of law; and, where the aggrieved party may suffer considerable

---

1. Respondent cites three decisions by the Missouri Commission on Human Rights in support for her position.

hardship and expense as a consequence of such action, we may entertain the writ for purposes of judicial economy under our authority to "issue and determine original remedial writs." Mo. Const. art. V, § 4.1.

Since the adoption of *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983), we often have questioned whether we were in fact following the guidelines of *Morasch.* This case falls into category three above and we believe that the orderly and economical administration of justice justifies issuance of the writ in such a case. Modified to this extent, we believe that *Morasch's* goal of a workable guideline is attainable.

The complainant, Darryl E. Love, filed a complaint of discrimination under § 296.-040.1, RSMo 1978 against the relator, Noranda Aluminum. Relator apparently had hired Love, a black male, and another black male and three white males to work as utilitymen for relator. Complainant alleges that they were employed as probationary employees, beginning November 7, 1981 and ending thirty-nine days later on December 17, 1981. Complainant further alleges that he received three reprimands on safety during his first fifteen days of employment and at the end of the first fifteen days received a "fair" evaluation; and at his thirty-day evaluation on December 24, 1981 he was given a "half-fair" and "half-poor" appraisal of his performance.[2] He claims that he was terminated on December 27, 1981. Five reasons were stated in support of the discrimination charge:

A. Other whites hired in with me stayed in one section, while I was being constantly changed to different sections and different potmen which made my job difficult to grasp.

B. I was under close scrutiny and observation by the foreman while the white probationary employees were not.

C. I was called back to work during my lunch period to work. I never saw any

white employees called from their lunch period to work.

D. [One of the white male potmen] has stated that I was one of the best utilitymen he worked with. [Another] has also stated the same.

E. There were four other probationary employees hired in with me; three whites and one black. The other black employee and I were the only ones terminated.

The complaint was filed before the Missouri Commission on Human Rights on December 29, 1981. Love sought reinstatement, back pay, no loss of seniority and such other relief as the Commission deems just and proper.

On January 23, 1984, the Missouri Commission on Human Rights found that probable cause existed to believe that complainant was "discharged because of his race, black" and ordered that relator attempt to resolve the matter by conference, conciliation and persuasion, which proved unsuccessful. The case was set for hearing on July 25, 1984, with a preliminary conference scheduled for June 26, 1984. On May 3, 1984, respondent issued an order directing, *inter alia,* that "[w]here possible, discovery shall be initiated and completed prior to the prehearing conference. This may be done informally between counsel or by requesting a subpoena for deposition from the hearing examiner." Relator contacted the Attorney General's office on June 8, 1984 and requested that complainant be produced for deposition on July 10, 1984. A few days later, the Attorney General's office replied as follows:

Since Darryl Love has not yet filed a motion to intervene, and has informed me that he does not intend to do so, he is not a party to this action. Although Mr. Love filed a complaint with the Missouri Commission on Human Rights, the action is instituted and initiated by the Commission. As a result, I believe complainant may only be deposed as provided in Rule 57.09.

---

**2.** It might be noted that on the face of complaint there is some ambiguity surrounding the dates and length of time.

At this time, complainant Love was no longer a resident of Missouri and was living in Texas. Relator filed a notice of deposition with respondent.[3] Because complainant Love resided outside of Missouri, respondent noted that the crucial question was whether complainant is a party in the case. Relying upon § 296.040.5, RSMo 1978, respondent ruled that by not intervening under that section complainant was not a party to the proceeding.

■ The issue before this Court is whether complainant is a party to these proceedings and *may* be compelled to attend a deposition here in Missouri. Section 296.040.1, RSMo 1978 provides that a "verified complaint" may be *filed* with the Commission by either "[t]he complainant's agent or attorney or the attorney general." Contrary to the suggestion in the above quoted letter of the attorney general, the Commission itself may not file a complaint and thereby initiate proceedings against an employer under § 296.030(7), RSMo 1978. *Brooks v. Pool-Leffler*, 636 S.W.2d 113, 116 (Mo.App.1982). It is undisputed that complainant Love and not the attorney general filed the complaint under § 296.040.1.[4] The statute further provides that:

> The case in support of the complaint shall be presented before the hearing examiner or the panel by the office of the attorney general of the state of Missouri ...

§ 296.040.4, RSMo 1978. When the complainant and not the attorney general files the complaint, the attorney general acts as counsel on behalf of the complainant, regardless of whether the attorney general may also represent the State. *See* Rule 52.02. Respondent, however, argues that complainant Love is not a party because he has not "intervened" within the meaning of the following statute.

> The respondent may file a written verified answer to the complainant and appear at such hearing in person or otherwise, with or without counsel, and submit testimony. At the discretion of the hearing examiner or the panel, the complainant may be allowed to *intervene* and present testimony in person or by counsel. The commission or the complainant shall have the power reasonably and fairly to amend any complaint, and the respondent shall have like power to amend his answer. The testimony taken at the hearing shall be under oath and be transcribed.

§ 296.040.5, RSMo 1978 (emphasis added).

Intervention under § 296.040.5 is not synonymous with party status. Section 296.040.5 only defines the right of the complainant to appear before the Commission, it does not purport to define or alter customary practice for determining party status. Rather, the crucial inquiry is whether a person's rights or liabilities are being adjudicated. *See* 67 A. C.J.S. Parties § 3 (1978). Where, as in the case *sub judice*, the complainant files the complaint and seeks personal relief against his or her employer, such as back pay, reinstatement and no loss of seniority, there should be no doubt that the complainant is a party to these proceedings for the purpose of securing a deposition. Complainant's rights and liabilities are being adjudicated in these proceedings, and any judgment against relator (employer) is a personal judgment in favor of the complainant. If the Commission's findings are adverse to complainant, then the complainant may appeal. *See* § 296.040.11, RSMo 1978. *See also* § 296.-050.3, RSMo 1978. It also should be noted

---

**3.** Relator posits that it cannot obtain a subpoena for deposition because § 296.040.6, RSMo 1978 directs that proceedings proceed according to Chapter 536, which provides that a subpoena for deposition can be served only within the state. § 536.077, RSMo 1978. *Cf.* § 296.030(8), RSMo 1978.

**4.** The attorney general argues that it filed an "Amended Complaint" on June 7, 1984. In paragraph eight of the amended complaint, this document states that it was filed under § 296.-040.5. There was no authority for filing this document. The attorney general did not file the initial complaint, and § 296.040.5 only authorizes the Commission or the "complainant" to "reasonably and fairly amend any complaint." And even if this document is treated as a new complaint under § 296.040.1, then it is beyond the jurisdictional time limit under § 296.040.10.

that elsewhere in the statutes complainant is treated as a party, regardless of intervention under § 296.040.5, for the purpose of receiving notice and the service of all orders. §§ 296.040.7, 9; 296.050.1. Any judgment upheld or reversed on appeal is binding and has a res judicata effect on both the complainant and the employer. *See Hickman v. Electronic Keyboarding, Inc.*, 741 F.2d 230 (8th Cir.1984). That the attorney general represents the interests of complainant before the Commission is of no consequence in determining party status for the purpose of securing a deposition. *Cf.* Rule 52.02. And on an appeal from a circuit court judgment in favor of the complainant, the Commission represents the interests of the complainant. *See Hickman v. Electronic Keyboarding, Inc., supra.*

The crux of a discrimination case often depends upon the testimony of the complainant. It would seem unduly harsh to bind the employer to any judgment by the Commission when the employer was unable to secure adequate information regarding the alleged discrimination prior to the time for the hearing. Even the hearing examiner's order recognized the need for discovery and the taking of depositions prior to the hearing. The only deposition of any importance to the employer is that of the complainant. Under these circumstances, the complainant should be treated as a party to these proceedings. To suggest that the attorney general and not the complainant is the party would mean that the employer could only secure the deposition of the attorney general's office without a subpoena or without spending a considerable sum traveling outside this state to locate and depose a complainant not actively participating in the proceeding. We, therefore, believe that the complainant should be treated as a party. .

The preliminary writ is made absolute, and the hearing examiner is directed to treat the complainant as a party subject to deposition as a party in accordance with our Rules.

HIGGINS, C.J., DONNELLY and RENDLEN, JJ., and SNYDER, Special Judge, concur.

BLACKMAR, J., concurs in separate opinion filed.

BILLINGS, J., dissents in separate opinion filed.

ROBERTSON, J., not sitting.

BLACKMAR, Judge, concurring.

I concur in the exposition of the legal principles governing the issuance of original remedial writs (Mo. Const., Art. V, § 4.1), but see no reason to perpetuate the unwise and overexpansive pronouncements of *State ex rel. Morasch v. Kimberlin*, 654 S.W.2d 889 (Mo. banc 1983). I adhere to the views expressed in my Concurring Opinion in that case. Missouri courts, over the years, have exercised discretion in issuing original remedial writs, when persuaded that no other remedy is adequate. In so doing they have acted in accord with the letter and spirit of the Constitution. *Morasch* ignored history and precedent, and has been conveniently overlooked in numerous subsequent decisions.[1] The time has come to abandon the pretext that prohibition is not available unless there is a true issue of jurisdiction and to state frankly that the broad pronouncements of *Morasch* are unauthoritative.

I initially questioned the use of a writ in this case to interrupt an ongoing administrative proceeding. Even though we have the authority to do so, we are never compelled to issue a writ. We have been properly reluctant to interrupt pending cases. One reason is that the case may be disposed of in such a way that the issue posed by the request for writ need not be decided. Another reason is the delay factor. But the majority is persuaded that the Human

---

1. *See,* e.g. *State ex rel. General Electric Co. v. Gaertner,* 666 S.W.2d 764 (Mo. banc 1984) (Blackmar, J., concurring); *State ex rel. Missouri Department of Agriculture v. McHenry,* 687 S.W.2d 178, 181 (Mo. banc 1985); *State ex rel. Twiehaus v. Adolf,* 706 S.W.2d 443 (Mo. banc 1986).

Rights Commission has consistently made an assumption which is legally erroneous and that its assumption may jeopardize pending cases. These circumstances justify the issuance of the absolute rule.

This Court does not tell the Commission how it should exercise its authority over the complainant as a party. Nor do we hold forth on the alternative to requiring the defendant to appear for a pre-hearing deposition.[2] Inasmuch as an absolute rule is so limited, I concur.

BILLINGS, Judge, dissenting.

Because I continue to believe that the use and abuse of the extraordinary writ of prohibition in a case such as this violates the Missouri Constitution concerning the right of appeal, and further encourages the corruption of this ancient but limited extraordinary writ, I must dissent.

The right of appeal is statutory in this state and this Court is specifically forbidden to tamper with the right of appeal by our Constitution. Mo. Const., art. V, § 5. And when we, under the guise of the writ of prohibition, allow and permit an interlocutory appeal in a pending case, we are treading on legislative grounds and closing our eyes to the constitutional mandate.

Here, it is conceded that the lower tribunal has jurisdiction of the parties and the subject matter, and, I submit, the requisite jurisdiction to err in its rulings. Any such errors are subject to review in due course through the statutory right of appeal. The alleged delay, expense and hardship of proceeding in an orderly and legally authorized fashion does not and cannot justify the use of prohibition for an unauthorized interlocutory appeal.

I would quash our preliminary order. *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983); *State ex rel. Hannah v. Seier,* 654 S.W.2d 894, 896 (Mo. banc 1983) (Billings, J., concurring). *See* Tuchler, *Discretionary Interlocutory Re-* *view in Missouri: Judicial Abuse of the Writ?* 40 Mo.L.Rev. 577 (1975).

---

**2.** *Kingsley v. Kingsley,* 601 S.W.2d 677 (Mo.App. 1980); *State ex rel. Charterbank Springfield,*

*N.A. v. Donegan,* 658 S.W.2d 919 (Mo.App.1983).