**Virginia HOELSCHER, Appellant,**

v.

**James R. PATTON, Respondent.**

**No. 61455.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Nov. 3, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 16, 1992.

Lee Reneau Elliott, Troy, for appellant.

Brian N. Brink, Gerard T. Noce, St. Louis, for respondent.

CRIST, Presiding Judge.

Appellant Virginia Hoelscher (Dog Owner) sued Respondent James Patton (Employee) for damages after Employee backed over and killed Dog Owner's pet Shih-Tzu dog with his United Parcel Service truck. Dog Owner had previously won an arbitration dispute with United Parcel Service (UPS) on the theory of vicarious liability based on the same incident. The trial court sustained Employee's "Motion to dismiss and/or for summary judgment." Dog Owner appeals. We affirm.

"In reviewing the entry of summary judgment, we must view the record in the light most favorable to the party against whom summary judgment was granted, determine if any genuine issue of material fact exists which would require trial and determine if the judgment is correct as a matter of law. If the judgment is sustainable as a matter of law under any theory, we will affirm it." *Meyer v. Enoch*, 807 S.W.2d 156, 158 (Mo.App.1991).

On January 26, 1991, Dog Owner brought suit against UPS in the associate division of circuit court of Lincoln County based on UPS's vicarious liability for Employee killing the dog. Dog Owner and UPS's insurer, Liberty Mutual, agreed to arbitrate the dispute, and the lawsuit was dismissed with prejudice. On July 8, 1991, the arbitrator entered an order awarding $650 to Dog Owner.

On August 5, 1991, Dog Owner filed suit against Employee alleging, (1) Employee operated a motor vehicle negligently, (2) as a result of Employee's negligence, the dog

was run over and killed, and (3) the dog had little or no market value but great sentimental value.

In his answer, Employee denied the allegations and asserted, inter alia, res judicata based on the arbitration award. Employee then moved for dismissal or for summary judgment and attached a copy of the arbitration award and agreement to that motion. He also attached the parties' completed preliminary questionnaires concerning the arbitration, supplements to the arbitration contract, an affidavit from the custodian of records for the United States Arbitration and Mediation Midwest Incorporated asserting the genuineness of the documents, and an affidavit of a claims adjuster for Liberty Mutual.

Dog Owner filed an affidavit in opposition to summary judgment. However, her affidavit contained all legal conclusions except for the allegations that Dog Owner "has not accepted any monies in settlement of her claims" against UPS and that UPS's lawyer had submitted contributory fault as an issue in the arbitration dispute. *See* Rule 74.04(e).

In her only point relied on, Dog Owner contends the trial court erred in entering summary judgment because her suit filed against UPS in Lincoln County court was dismissed and thus, is not a basis for res judicata. We find the arbitration award precluded her from relitigating her cause of action.

The arbitration award constituted a final judgment on the merits. *See Masonic Temple Ass'n of St. Louis v. Farrar*, 422 S.W.2d 95, 109[7] (Mo.App.1967). Res judicata "precludes the same parties or their privies from relitigating the same cause of action." *ASARCO, Inc. v. McNeill*, 750 S.W.2d 122, 127[2] (Mo.App.1988). Dog Owner's suit against Employee is based on the same cause of action as her arbitration award against UPS. Both actions arise out of the same incident, and the parties, subject matter and evidence needed to sustain the claim are the same. *See Fleming v. Mercantile Bank & Trust Co.*, 796 S.W.2d 931, 934[1] (Mo.App.1990). ·

Further, Employee was in privity with UPS. "Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right; and where this identity of interest is found to exist, all are alike concluded and bound by the judgment." *Hickman v. Electronic Keyboarding, Inc.*, 741 F.2d 230, 233 (8th Cir.1984), *quoting Drainage District No. 1 Reformed v. Matthews*, 361 Mo. 286, 234 S.W.2d 567, 574 (1950). "[W]here suit is brought against an employer for the alleged wrong of an employee, it is held that a judgment on the merits for the employer bars an action against the employee, at least where it is conceded in the first action that the employee was acting within the scope of his employment." *Fleming*, 796 S.W.2d at 935[2], *quoting* 46 Am.Jur.2d *Judgments* § 571 (1969). By basing her action against UPS on vicarious liability, Dog Owner conceded Employee was acting within the scope of his employment.

Judgment affirmed.

CRANE and AHRENS, JJ., concur.