STATE ex rel., MISSOURI GAMING COMMISSION, Relators,

v.

The Honorable Byron L. KINDER, Judge of the Circuit Court of Cole County, Missouri, Respondent.

No. WD 50276.

Missouri Court of Appeals,
Western District.

April 18, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kurt P. Valentine, Asst. Atty. Gen., Jefferson City, for relators.

W.R. England, III, Dean L. Cooper, Brydon, Swearengen & England, Jefferson City, for respondent.

Before ELLIS, P.J., and LOWENSTEIN and SMART, JJ.

## ORIGINAL PROCEEDING IN PROHIBITION

ELLIS, Presiding Judge.

Capital Queen & Casino, Inc. (CQC) filed an application with the Missouri Gaming Commission (Commission) for a license to operate an excursion gambling boat in Missouri on September 20, 1993. On August 22, 1994, the Commission's staff notified CQC that it would recommend that the Commission deny the application because CQC knowingly failed to disclose material and substantive information on its application. On September 28, 1994, the Commission met and, after hearing presentations by CQC, the Commission's staff, and members of the public, voted to deny CQC's application. The Commission further voted to prohibit CQC and any of its principals or substantial owners from applying to the Commission for a riverboat gaming license for a period of two years.

On October 31, 1994, CQC, Becker Gaming, Inc., Bruce F. Becker, Barry Becker, Ernest Becker III and Ernest Becker IV filed a petition in mandamus in the circuit court of Cole County alleging, *inter alia*, that the Commission's actions in reaching its decision and voting on CQC's application were in violation of Missouri statutes and therefore void. The circuit court entered a preliminary writ of mandamus finding the Commission's actions were in violation "of Missouri statutes and therefore void." The preliminary writ further provided:

In order to avoid further serious and irreparable injury to Relators, the Missouri Gaming Commission ... [is] COMMANDED, to exercise [its] jurisdiction and authority and immediately direct the Missouri Gaming Commission staff to commence a full, thorough and intensive investigation into all aspects of the subject application for licensure of Capitol Queen & Casino, Inc. Thereafter, upon prompt completion of said investigation, said Respondents are hereby to immediately take up, consider and render a decision with respect to said application....

Finally, the writ granted the Commission thirty days in which to show cause why it should not be made permanent.

The Commission then filed a petition for writ of prohibition in this court, alleging that the circuit court exceeded its jurisdiction in issuing the preliminary writ of mandamus, that it would be required to carry out the directives of the writ unless prohibition issued, and that it had no adequate and timely remedy other than prohibition. On November 16, 1994, we issued our preliminary writ in prohibition, staying the circuit court's preliminary writ of mandamus and all further proceedings in the case until further order of this court. We conclude that our preliminary writ was improvidently granted, and therefore deny the writ.

■ The procedure relating to mandamus is set out in Chapter 529 and Rule 94. Upon the filing of a petition in mandamus, and suggestions in support thereof, the court reviews same and if it is of the opinion that the preliminary order in mandamus should be granted, the order is issued. Rule 94.04.

The order must direct the respondent to file an answer within the time fixed in the order, and the order must be served on the respondent. Rule 94.05. The answer is directed to the petition and may include or be accompanied by one or more motions. Rule 94.07. The preliminary writ corresponds to the petition in a regular civil action, and it is the issuance of the preliminary writ which necessitates the filing of the answer. Rule 94.05; *State ex rel. Stoecker v. Director of Revenue,* 734 S.W.2d 263, 265 (Mo.App.1987).

■ In the case at bar, the respondent issued the preliminary writ of mandamus after review of the petition and suggestions in support thereof on October 31, 1994. The writ granted the Commission thirty days in which "to show cause, if any exists, by written return ... as to why this writ should not be made permanent." From the record before us, it appears the Commission took no action whatsoever in the circuit court. It did not file a motion for stay of enforcement of the preliminary writ pending its filing of an answer and the holding of a hearing. It did not immediately file an answer and request an expedited hearing. By failing to do so, it did not give respondent any opportunity to correct what the Commission claims was his error in issuing the preliminary writ. Rather, the Commission sought a writ of prohibition from this court.

In *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573 (Mo. banc 1994), our Supreme Court stated:

Interlocutory review of trial court error by writ of prohibition, however, should occur only in extraordinary circumstances. *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889, 891–92 (Mo. banc 1983). If the error is one of law, and reviewable on appeal, a writ of prohibition is not appropriate. *Id.* at 892.

Distinguishing *Morasch,* in *State ex rel. Noranda Aluminum, Inc. v. Rains,* 706 S.W.2d 861, 862–63 (Mo. banc 1986), this Court outlined the three situations in which writs of prohibition will issue. First, prohibition will lie where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction. *Id.* at 862. Second, a writ of prohibition will issue to remedy a clear excess of jurisdiction or abuse of discretion such that the lower court lacks the power to act as contemplated. *Id.* Finally, departing from jurisdictional grounds, a writ of prohibition will be issued if the party can satisfy a number of conditions, often falling under the rubric of no adequate remedy by appeal. *Id.* The third category is used in limited situations where some "absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available to respond to a trial court's order." *State ex rel. Richardson v. Randall,* 660 S.W.2d 699, 701 (Mo. banc 1983).

*Id.* at 577.

In the case at bar, the Commission presents two points. First, it contends respondent lacks jurisdiction to "review" Missouri Gaming Commission decisions relating to excursion gambling boat operations, asserting that § 313.840.2, RSMo 1994, grants this court exclusive jurisdiction over such matters. In Point II, the Commission argues that respondent erred, to the extent an independent finding that the Commission may not deny an application for licensure without first conducting a full investigation was made, because it is an improper subject for a mandamus action. We need not address either point in detail because it is clear the Commission has not exhausted its remedies below, and otherwise has an adequate remedy. Nevertheless, as to the first point, it "is a question of law, the solution of which either way cannot impair the court's right to apply its judicial power in the premises according to its view of the law and the facts before it." *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889, 890 (Mo. banc 1983) (*quoting State ex rel. Union Depot Ry. Co. v. Southern Ry. Co.,* 100 Mo. 59, 61, 13 S.W. 398 (1890)). The second point is clearly one that can be raised on appeal, and therefore is inappropriate for decision by our writ. Rule 84.22(a).

As noted, respondent has merely entered a preliminary order in mandamus, to which the Commission must file an answer. It was granted thirty days in which to do so. The Commission contends that it has no adequate

and timely remedy because the order mandates that it proceed with an investigation of CQC's application. However, it could have requested a stay of the order pending its filing of an answer and conduct of a hearing. Similarly, it could have filed its answer immediately and requested an expedited hearing. It did not do so. At this point, all respondent has done is initiate the proceeding. If the Commission believes, as it clearly does, that respondent is exceeding his jurisdiction, or is erring in considering the underlying issues in a mandamus action, it must give respondent the opportunity to hear the issues and decide them. As noted in *State ex rel. Williams v. Mauer,* 722 S.W.2d 296, 297 (Mo. banc 1986), "a preliminary rule in prohibition will be made absolute only where there is a clear excess of jurisdiction." We are unwilling to say that respondent has *clearly* exceeded his jurisdiction when the issue has not even been argued to him. If respondent were to deny a stay of his preliminary order pending a hearing, we might be more inclined to consider whether the Commission will suffer some "absolute irreparable harm." *State ex rel. Chassaing v. Mummert,* 887 S.W.2d at 577. However, respondent has not even been *asked* to stay the order. Under such circumstances, we conclude that our preliminary order of prohibition was improvidently granted and it is therefore quashed. Relator's petition for writ of prohibition is denied.

All concur.